HON. JACOB SAFFORD,
HON. D. M. VALENTINE, } ASSOCIATE JUSTICES.

---

JOHN P. GREER *et al.* VS. GEORGE McCARTER.

### *Error from Shawnee County.*

John P. Greer, one of the plaintiffs in error, sold and conveyed some land to George McCarter, the defendant in error, on the 26th day of August, A. D., 1865, without any express agreement between the parties as to who should pay the taxes on the land for that year. On the 1st day of May, A. D., 1866, after the land had been advertised for sale for said taxes, and a few days before it would have been offered for sale for the same, McCarter paid them, the amount being $57.45. On the 25th day of August, A. D., 1868, McCarter brought an action before a justice of the peace, against Greer to recover them back. Judgment was rendered against Greer for the amount of the taxes and interest, and he appealed to the district court, and J. B. Whittaker, the other plaintiff in error, signed the appeal bond as surety for Greer. In the district court both parties filed new pleadings. The second count of the defendant's answer is as follows: "That the said indebtedness of the said defendant did not accrue to said plaintiff within *two years* next before the commencement of this suit." The plaintiff demurred to this count of the answer, on the ground that it stated no defense.

VOL. V.—2.

The court sustained the demurrer. Trial was then had, and judgment was rendered against both, Greer and Whittaker, for the amount of the taxes and interest thereon amounting to $66 83    *Held:*

1.  LIMITATIONS.—That the district court did not err in sustaining the demurrer to the second count of the defendant's answer, as said count did not state facts sufficient to constitute any defense to the plaintiff's action.

2.  TAXES: LIABILITY FOR.—That under section 12 of an act, approved March 6, 1862, (*Comp. Laws*, 880,) the district court did not err in rendering judgment against said Greer.

3.  SURETY: JUDGMENT AGAINST.—That under section 9 of an act, approved February 26, 1867, (*Laws of* 1867, *page* 77,) the district court did not err in rendering judgment against said Whittaker, the surety on said appeal bond.

The facts of the case are sufficiently stated in the opinion of the court.

*J. P. Greer*, plaintiff in error, in person.

*J. & D. Brockway*, attorneys for defendants in error.

*On behalf of plaintiff in error*, it was submitted:

1. At the time of the conveyance, the land was unencumbered by taxes. This is all the grantor covenanted. The covenants of the deed cannot be construed as prospective. The grantee has not been disturbed.

2. The taxes did not become a lien on the land until October 1st. The conveyance was made August 26th. [*See L.*, '63, *p* 101, § 8.] The grantee paid the taxes voluntarily and for his sole benefit.

---

*1. EVIDENCE: PRESUMPTIONS.—Every contracting person is presumed to know the law and to make it a part of his contracts.

2. CONSTITUTIONAL LAW.—Sec. 12, act Mar. 6, '62. [Comp. L., 880.] Held, Consistant with ¿ 15, Bill of Rights and with art. 2, ¿ 16, Const. and not repealed by ¿ 8, Laws '63. [L., '63, p. 101.]

3. PRINCIPAL AND SURETY: TAXES.—If A. is liable for a debt which legally and equitably, as between him and B., the latter ought to pay, and A. is forced to pay the same, he can recover it back of B. This principle applied to payment of taxes.

4. LIMITATION OF ACTIONS.—In such case the three year statute of limitation, ¿ 21 of Civ. Code [Comp. L., 127,] applied to A.'s cause of action, and commenced running from the time of payment by him.

5. SURETY ON APPEAL: JUDGMENT AGAINST.—Under ¿ 9, act of Feb. 26, '67 [p. 78.,] judgment may be rendered against a surety on an appeal bond, in cases where judgment goes against the principal.

6. APPEARANCE:—Semble, a surety on an appeal bond, by signing, makes voluntary appearance in the case.

3. Section 12, act March 6, '62, makes no provision for enforcing the liability created by it, but the land, not the owner, is, by law, made liable for taxes.

4. This section (12) is unconstitutional. The 15th section of the bill of rights, first clause, provides, that "the rights of the people to be secure in their persons and property against unreasonable searches and seizures, shall be inviolate." The inherent right of eminent domain is conceded to the State, but this does not include the right of the sovereign power to take the property of one citizen and transfer it to another, even for full compensation, when the public interest, as in this case, will be in no way promoted. *Cooley's Const. L.*, 530; 3 *Paige R.*, 73; 18 *Wend.*, 55; 8 *O.*, 333.

5. On the constitutional question involved the plaintiff cited 1 *Kent's Com.*, 610; *Blackstone, Montesquieu, Works of Franklin, Adams, Jefferson, Hamilton, and the Federalist;* 18 *How.*, 272; 4 *Hill*, 180; 2 *Tex.*, 251.

6. The power of the legislature is subordinate to the right of individuals to property.

7. Section 12 of act of March 6, 1862, is an attempt by the legislature, to perform a judicial function, viz: to determine the liability as between parties, and is therefore unconstitutional.

8. There is no evidence of an agreement on the part of the grantor, to pay these taxes, nor to reimburse the grantee therefor. If the legislature has power to force the vendor of lands to the payment of the taxes due during the same year, but, after he has parted with the lands, it has power equally to force him to pay the taxes thereon for all time. In absence of a consideration, no promise will be implied. 3 *Blacks. Com.*, 159; *Smith on Const.*, 186, 189.

9.   There is no evidence of the legality of the tax shown in the record.

10.   This action was barred by the statute of limitation [*Civ. Code* 1859, 322] and the court should have overruled the demurrer.

The 12th section of the law of March 6, 1862, was repealed by the 8th section of the tax law of 1863.   [*L.* 1863, *p.* 101.]

*J. & D. Brockway, for defendant*, submitted :

1.   This was a case ·strictly within section 12 of the act of March 6, 1862, amendatory of the tax law of 1860. (*Comp. Laws, page* 880.)   The sale was made by plaintiff in error to defendant in error on the 26th day of August, 1865, and there was no express agreement between the parties as to which should pay the taxes of that year. The defendant in error paid them to prevent a sale of his land.

2.   The statute in force at the time furnishes the rule to determine the incidents of the transaction.   It is not the case of a retro-active law operating upon a transaction had before its passage, but a transaction had under an existing law to be governed by its provisions. This law furnishes the *equitable* as well as legal rule for the case.   *Sec.* 4 *Act of* 1862, *Comp. Laws, p.* 876.

3.   If this act is unconstitutional so are all laws that affect contracts made under them, such as the mechanics' lien law, the landlord and tenant law, statute of frauds, etc.

*By the Court*, VALENTINE, J.

John P. Greer, one of the plaintiffs in error, sold and veoncyed some land to George McCarter, the defendant

in error, on the 26th day of August, A. D. 1865, without any express agreement between the parties as to who should pay the taxes on the lands for that year. On the 1st day of May, A. D. 1866, after the land had been advertised for sale for said taxes, and a few days before it would have been offered for sale for the same, McCarter paid them, the amount being $57.45. On the 25th day of August, A. D., 1868, McCarter brought an action before a justice of the peace, against Greer, to recover them back. Judgment was rendered against Greer for the amount of the taxes and interest, and he appealed to the district court, and J. B. Whittaker, the other plaintiff in error, signed the appeal bond as surety for Greer. In the district court both parties filed new pleadings. The second count of the defendant's answer is as follows: "That the said indebtedness of the said defendant did not accrue to the said plaintiff within *two years* next before the commencement of this suit." The plaintiff demurred to this count of the answer, on the ground that it stated no defense. The court sustained the demurrer. Trial was then had, and judgment was rendered against both, Greer and Whittaker, for the amount of the taxes, and interest thereon, amounting to $66.83.

We find no error in this case. The petition showed a good cause of action. The second count of the answer stated no defense. The judgment is for the proper amount, and sustained by sufficient evidence, and was properly rendered against both, Greer and Whittaker.

Section 12 of an act approved March 6, 1862, (*Comp. L.*, 880,) reads as follows: "As between grantor and grantee of any lands, when there is no express agreement as to who shall pay the taxes that may be assessed thereon, if such land is conveyed even

TAXES: LIABILI-
ty for.

with or prior to the first day of April, then the grantee shall pay the same; *but if conveyed after that date*, then the *grantor shall pay them.*"

EVIDENCE: PRE-
sumptions: This section was in force, as an existing and valid law, at the time Greer sold the lands to McCarter. Both parties, of course, knew what the law was, for every person is presumed to know the law, and " *Ignorantia legis neminem excusat.*" Both parties knowing what the law was, contracted with reference to it. It entered into and formed a part of their contract. Their contract was precisely the same as though they had attached said section 12 to their contract and expressly made it a part thereof.

CONSTITUTIONAL
Law: We do not think, as the plaintiffs in error contend, that said section 12 is in conflict with section 15, bill of rights, or with section 16, article 2, of the constitution, or with any other part of the constitution, or that it had, at the time of said sale, been repealed, impliedly, or otherwise, by section 8, laws of 1868, page 101, or by any other section of the law.

PRINCIPAL AND
Surety: Taxes: Everybody knows that when a surety has to pay the debt of his principal he has an action against his principal, to recover back the amount he pays. It is generally true, but not so generally known, that when one person is liable for a debt, which legally and equitably as between him and some other person, this other person ought to pay, that if he has to pay the debt, he can recover it back again, from this other person.

The plaintiffs in error say the land was pecuniarily liable for the debt. Suppose it was; McCarter owned the land and was therefore bound to secure the same from the taxes; and as between McCarter and Greer, Greer was bound in law, and in equity and justice, and by an

implied agreement, to secure McCarter and save him harmless.

When McCarter paid the taxes, an action accrued in his favor and against Greer. He had a right to pay the taxes at the time he did, and look to Greer to reimburse him, although he might have waited four or five days longer before his land would have been sold for the taxes.

LIMITATION OF
Actions:
The statute of limitations commenced to run in this case, when McCarter paid the taxes, but it was a three years' statute, under section 21 of the code, (*Comp. Laws*, 127,) and not a two years' statute, as pleaded by the defendant below. The action was not barred by any statute when the suit was commenced, and certainly not by the statute that the defendant below pleaded. Hence, the second count of the defendant's answer stated no defense to the action, and the demurrer thereto was properly sustained by the court below.

SURETY ON AP-
peal:
The plaintiffs below also complain that the court erred in rendering judgment against Whittaker. We think, the court did not err. The following statute, as we think, settles the question. It is the latter part of section 9, of an act, approved February 26, 1867, (*Laws of* 1867, *page* 78,) which reads as follows: "When the appellee shall recover in the district court, judgment shall be rendered, jointly, against the appellant and his securities on the appeal."

APPEARANCE:
Whittaker cannot complain; he is presumed to have known what the law was. He voluntarily became a party to the suit when he signed the appeal bond, and thereby assumed all the responsibilities, that this law imposes upon him, as surety for Greer.

The judgment of the court below is affirmed.

All the justices concurring.