L. D. MUNROE *et al.*, plaintiffs in error, *vs.* COVINGTON DUMAS, administrator, defendant in error.

1. A case was tried on the equity side of the Court, in the year 1857, and the jury returned a verdict for a specific sum of money in favor of the complainant, against the defendant, and the complainant's attorneys entered up a judgment thereon, reciting that the jury had returned a decree, etc., setting forth the substance thereof, which was signed by the plaintiff's attorneys but was not signed by the presiding Judge as Chancellor. In September, 1870, a motion was made to set aside that judgment, or decree, on the ground that it was not a valid judgment or decree of a Court of Equity, inasmuch as it was not signed by the presiding Judge as Chancellor, as required by the 4153d section of the Code, which motion was overruled and the movant excepted:

*Held,* That the jurisdiction for the trial of equity causes in this State was vested in the Superior Court, in which this judgment or decree was rendered, and that this was a judgment or decree of *that Court;* and having been rendered prior to the adoption of the Code, under the general rule of practice that prevailed in most of the Courts of the State at that time, it ought not now to be set aside on the ground that it was not signed by the Chancellor, even if, under the Constitution and laws of this State vesting the jurisdiction and regulating the trials of equity causes, the decree rendered on the verdict of a jury is now required to be signed by the Chancellor, in order to constitute it a valid decree. The Code is certainly directory in regard to that matter, and should be followed in all cases tried since its adoption, but when it is signed as required by the Code, is it the judgment or decree of *the Chancellor*, or is it the judgment or decree of *the Superior Court ?*

2d. When a plaintiff in error gives bond and security to obtain a *supersedeas* of the judgment, as provided by the 4203d section of the Code for the payment of the eventual condemnation money, and the judgment is affirmed, the plaintiff in the Court below may have an execution against the principal and security on the *supersedeas* bond without formally entering up the judgment against such security; the judgment of affirmance binds him as such security for the eventual condemnation money in that case, though an order on the minutes of the Court to that effect, would make the record more perfect and complete.

Under the facts contained in this record, the judgment, or decree on which the execution issued, was not dormant.

Practice.    Surety.    Variance.    Before Judge CLARK. Calhoun Superior Court.    September Term, 1870.

Munroe *et al. vs.* Dumas.

Elizabeth Jones filed a bill againt Jesse Robinson; the jury returned a verdict for $2,885 45, and on the 25th of November, 1858, a decree was entered up for $2,885 40, which was signed by her solicitors, but not by the Judge. Robinson gave bond to supersede this judgment, and carry the cause to the Supreme Court. L. D. Munroe was his security on this bond for "the eventual condemnation money and costs." In January, 1858, the Supreme Court affirmed said judgment, (see 27th Georgia Reports, 266.) When the *remitittur* was entered upon the minutes of the Superior Court, a judgment was entered against Robinson and Munroe, as his security, for the costs in the Supreme Court, but no judgment was entered against Munroe for the amount of said verdict.

On the 6th of June, 1859, a *fi. fa.* was issued for the principal, interest and costs against Robinson as principal, and Munroe as security. On the 18th of March, 1864, Robinson handed the sheriff $3,988 40 in Confederate currency, as a payment on the *fi. fa.* The sheriff made no entry on the *fi. fa.*, except a memorandum as follows: "18th March, 1864." On the 24th of March, 1864, her solicitor received said Confederate currency from the sheriff, and entered a statement of the fact upon the *fi. fa.* At the next term of the Court he brought these facts to the notice of the Court, claimed that the *fi. fa.* was not paid, and asked that it be ordered to proceed for a balance claimed to be due thereon. The Judge held that said currency should stand as a credit for only two-thirds of its nominal value, and ordered the *fi. fa.* to proceed for the balance. This order was affirmed by this Court in December, 1869. (See 40th Georgia Reports, 353.) This last judgment having been complied with by crediting the *fi. fa.* with two-thirds of the nominal value of said currency, a levy was made for the balance, on Munroe's property on the 3d of August, 1870.

In September, 1870, Munroe's counsel moved to set aside said *fi. fa.* because the decree was not signed by the Judge,

because there was no decree against Munroe, nor any judgment against him, because the *fi. fa.* was not for the amount of the decree, (there was five cents variance in the principal) and because the judgment was dormant.

The said records and bond were read in evidence, and the motion was overruled. That is assigned as error on each of said grounds.

B. S. WORRILL, E. L. DOUGLASS, C. B. WOOTEN, by R. H. CLARK, for plaintiff in error.

VASON & DAVIS, R. F. LYON, HOOD & KIDDOO, for defendant.

WARNER, J.

In reviewing the grounds of error assigned to the judgment of the Court below, on the statement of facts disclosed by the record in this case, we are of the opinion that the judgment of the Court below should be affirmed, and it is so ordered.

Judgment affirmed.