## LONG v. O. R. LANG & CO.

No. 4194.   Opinion Filed November 9, 1915.

(152 Pac.. 1078.)

APPEAL AND ERROR—Supersedeas Bond—Liability of Sureties. Under chapter 249, Sess. Laws 1915, providing that where a supersedeas bond is executed and filed to stay execution pending appeal, in the event judgment on appeal is against appellant judgment shall at the same time be entered against the sureties on the supersedeas bond, on motion by appellee judgment will be rendered against the sureties as prayed.

(Syllabus by the Court.)

*Error from District Court, Washington County;*
*R. H. Hudson, Judge.*

Action by O. R. Lang and C. D. Young, co-partners, doing business as O. R. Lang & Company, against W. J. Long.   Judgment for plaintiff, and defendant brings error.   On motion for judgment against sureties on the supersedeas bond, motion sustained.

*Rowland & Talbot,* for plaintiff in error.

*B. B. Foster,* for defendant in error.

HARDY, J.   On appeal to this court from a judgment of the district court of Washington county, supersedeas bond was filed, executed by the plaintiff in error, W. J. Long, as principal, and the American Surety Company, as surety, to stay execution of said judgment.   On July 20, 1915, the judgment of the lower court was affirmed by the court, in an opinion by Wilson, C. (reported in 50 Okla., 150 Pac. 903), and defendant in error files motion for judgment against the surety on the supersedeas bond, of which motion notice was duly given and to which no response has been made.

The motion must be sustained. By chapter 249, Sess. Laws 1915, p. 606, it is provided, among other things:

"In the event that the judgment of the court to which such appeal is taken is against * * * appellant, judgment shall, at the * * * time it is entered against. * * * appellant, be entered against the sureties on his said undertaking to stay execution, and execution shall issue thereon against said sureties the same as against their principal, the appellant, and no stay of such execution shall be permitted."

In *Moore v. Huntington,* 17 Wall. 417, 21 L. Ed. 642, which was an appeal from the Supreme Court of the territory of New Mexico, judgment was rendered in the Supreme Court of the territory against the sureties on the appeal bond, and in affirming this action of the territorial Supreme Court, the Supreme Court of the United States said:

"The decree was rendered in the Supreme Court jointly against the defendants and their sureties in the appeal bond, and it is alleged for error that no such judgment could be rendered against the latter. But there is no error in this. It is a very common and useful thing to provide by statute that sureties in appeal and writ of error bonds shall be liable to such judgment in the appellate court as may be rendered against their principals. This is founded on the proposition that such sureties, by the act of signing the bond, become voluntary parties to the suit and subject themselves thereby to the decree of the court."

The Supreme Court of Arkansas, in *Rogers v. Brooks,* 31 Ark. 194, said:

"Under the statute, where a decree for money, stayed by an appeal bond, is affirmed, a decree goes against the sureties in the appeal bond, as a matter of course. If the clerk omits to enter the decree against the sureties at the

time of entering the decree of affirmance. against the appellant, it may afterwards be entered *nunc pro tunc*. The sureties, having made themselves parties to the suit by entering into the appeal bond, are not entitled to notice before decree against them."

See, also, *White v. Prigmore*, 29 Ark. 208; *Davidson et al. v. Farrell*, 8 Minn. 258 (Gil. 225); *Greer et al. v. McCarter*, 5 Kan. 17; *Wright v. Simmons et al.*, 1 Smedes & M. (Miss.) 389; *Duncan v. McGee et al.*, 7 Yerg. (Tenn.) 103; *Munroe et al. v. Dumas, Adm.*, 42 Ga. 238; *Hanna v. Savage*, 7 Wash. 414, 35 Pac. 127, 36 Pac. 269.

The judgment of the trial court was rendered on February 28, 1912, in the sum of $700.07, and it is provided therein that such judgment shall bear interest thereon at the rate of 6 per cent. Judgment therefore will be entered in this court against the sureties on the appeal bond, the American Surety Company, in the sum of $700.07, with interest thereon at the rate of 6 per cent. per annum from February 28, 1912, and for costs; for which execution may issue.

All the Justices concur.