## OKLAHOMA FIRE INS. CO. v. KIMPLE.

No. 6634.    Opinion Filed March 14, 1916.

(156 Pac. 300.)

Opinion on Motion for Judgment on Supersedeas Bond

Filed April 25, 1916.    (157 Pac. 317.)

1. **INSURANCE — Action Against Domestic Insurance Company — Venue.** By virtue of section 4674, Rev. Laws 1910, an action against a domestic insurance company may be brought in the county where the cause of action or some part thereof arose.

2. **SAME.** This provision of the code applies not only to actions upon insurance contracts, but all character of actions.

3. **VENUE—Action on Supersedeas Bond—Place of Accrual of Cause.** Where an insurance company executes a supersedeas bond in a cause tried in Muskogee county in the district court, and such bond is approved by the clerk of the court in that county and duly filed in said court, and liability accrues upon said bond, the same is held to arise in Muskogee county, and action on the bond may be maintained in Muskogee county, although the company and its sureties reside and are summoned in other counties.

(Syllabus by Hooker, C.)

*Error from Superior Court, Muskogee County;*
*Farrar L. McCain, Judge.*

Action by Marie Kimple against the Oklahoma Fire Insurance Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

*Brook & Brook,* for plaintiff in error.

*W. W. Noffsinger* and *Y. B. Broome,* for defendant in error.

Opinion by HOOKER, C. On the 7th day of January, 1911, Marie Kimple recovered judgment in the district court of Muskogee county against the Oklahoma Fire Insurance Company, a domestic insurance corpora-

tion, which then maintained its headquarters in Muskogee, Okla. The company appealed its case to the Supreme Court of this state, and, in order to stay execution pending its appeal, it did on the 17th day of January, 1911, execute a supersedeas bond with Frank Chesley and Robert Galbreath as its sureties, which bond was duly approved by the clerk of the district court of Muskogee county, and execution stayed upon said judgment. Thereafter, on or about the 14th day of October, 1913, its cause was dismissed in the Supreme Court of this state, and the final order of the Supreme Court dismissing said appeal was forwarded by the clerk of the Supreme Court to the clerk of the district court of Muskogee county, and duly made a matter of record in the office of the clerk of the district court of Muskogee county.

Thereafter Marie Kimple instituted her suit in the superior court of Muskogee county against the Oklahoma Fire Insurance Company, which then maintained its offices at Oklahoma City, and against Frank Chesley and Robert Galbreath, its sureties upon said bond, both of whom then resided in Tulsa county, Okla., and service was had upon all of said defendants in the counties of their residence, and was not had upon either of said defendants in Muskogee county, the county where said action was instituted. Said defendants and each of them entered a plea to the jurisdiction of the court, contending that, inasmuch as the summons was served upon each and all of said defendants in a county other than Muskogee county, the superior court of Muskogee county did not have jurisdiction to try said cause. The plea to the jurisdiction was overruled by the trial court, and said defendants and each of them elected to stand upon their plea, whereupon the court ren-

dered a judgment in favor of Marie Kimple and against all of said defendants, to reverse which judgment this appeal was taken to this court. It is an admitted fact that the Oklahoma Fire Insurance Company is a domestic insurance company, and that the summons in this case was had upon it in Oklahoma county, being the county where its headquarters were then maintained, and that summons was had upon Frank Chesley and Robert Galbreath in Tulsa county, being the county of their residence; and it is further admitted that the summons was not had upon either of said defendants in Muskogee county. So the question arises as to whether the court had jurisdiction to render a judgment in this case; for it must be conceded that the appearance of said defendants in said action specially for the purpose of calling the attention of the court to the lack of jurisdiction over their person did not enter their appearance to said action.

We have carefully examined the statutes of this state applicable to this case, and have reached the conclusion that the trial court was correct in holding that the superior court of Muskogee county had jurisdiction, not only of the subject-matter, but of the defendants themselves in this cause, or, in other words, that the venue of said action under the statute was in Muskogee county, and that the plaintiff in this case had the right to file her suit in Muskogee county, the same being the county where the cause of action arose, and to have summons issued to Oklahoma and Tulsa counties to the defendants therein. By reference to section 4674, Rev. Laws 1910, we find:

"An action, other than one of those mentioned in the first three sections of this article, against a corporation created by the laws of this state, may be brought in the county in which it is situated, or has its principal office

or place of business, or in which any of the principal officers thereof may reside, or be summoned; but if such corporation be an insurance company, the action may be brought in the county where the cause of action, or some part thereof, arose."

It is clear to us that under the latter part of the section, *supra*, this action could be brought in Muskogee county; for the cause of action upon which it is based accrued in Muskogee county. The supersedeas bond made by the company was approved in Muskogee county, and it had absolutely no force nor life nor did it create any liability until it was approved by the clerk of the district court of Muskogee county and filed in his office, and when that was done it became a liability against the company and its sureties, conditioned, however, upon the action of the Supreme Court in said cause, and, when the Supreme Court dismissed the appeal in said case, and the order of the Supreme Court was spread upon the records in the office of the clerk of the district court of Muskogee county, there was then a breach of the obligations of the bond, and the cause of action then accrued in favor of Marie Kimple against the Oklahoma Fire Insurance Company and its bondsmen.

In the case of *Jackson v. Spittal*, 5 L. R. C. p. 542, it is said:

"A cause of action was said to arise in that jurisdiction where the act is done which gives the plaintiff his cause of complaint."

And in *Durham v. Spence*, 6 L. R. Ex. 46, it was said by Pigott, B.:

"I understand by 'cause of action' that which creates the necessity for bringing the action. No doubt, to make

the act or omission complained of the cause of action, a contract must have preceded; and so also a negotiation must have preceded the making of the contract. Yet I should not include in the expression 'cause of action' that negotiation nor any of the other circumstances that might form part of the necessary evidence in the cause as the groundwork of the cause of complaint, but only the cause of complaint itself; that is the breach."

In the same case it was also said by Chesley, B.:

"Now, the cause of action must have reference to some time as well as to some place. Does, then, the consideration of the time when the cause of action arises give us any assistance in determining the place where it arises? I think it does. The cause of action arises when that is not done which ought to have been done or that is done which ought not to have been done. But the time when the cause of action arises determines also the place where it arises; for, when that occurs which is the cause of action, the place where it occurs is the place where the cause of action arises. I cannot avoid the conclusion that a cause of action arises where that takes place which first makes a cause of action; the contract does not make a cause of action; but a cause of action does arise when and where the person who has entered into a contract does, or omits to do, that which gives a cause of action."

See authorities cited in *Anglo-American Land, M. & A. Co. v. Lombard,* 132 Fed. 750, 68 C. C. A. 89.

It cannot be said that the purpose of this statute above quoted was to limit the venue of actions against domestic insurance companies to those brought upon insurance contracts alone; for the statute is broad enough to embrace all character of actions against the company, subject only to the limitation that the cause of action or some part thereof must arise in the county where the suit is brought. In *German Ins. Co. v. Bank,* 58 Kan. 86, 48

Pac. 592, 62 Am. St. Rep. 601, the Supreme Court of Kansas, construing a statute of similar purport as applicable to foreign insurance companies, held that a statute which authorized service of summons upon the company by delivering a copy to the chief officer of its agency included not only suit upon insurance contracts, but applied to other contracts as well.

Bearing upon the question as to where this cause of action arose, we desire to cite the case of *Smith v. Collins,* reported in 42 Kan. 259, 21 Pac. 1058, wherein the court held—

"in construing section 43 of the Code, which provided that an action for the recovery of the fine, forfeiture, or penalty imposed by statute must be brought in the county where the cause of action arose, that an action on a forfeited cognizance must be brought in the county in which the forfeiture occurred without reference to the cognizor."

This is quite a lengthy case, and the reasoning therein as to the cause of action having accrued in the county where the bond was taken is well expressed, and, in our judgment, could be applied with proper force in the case at bar.

Applying the instant case to the construction of the statute above quoted, to wit, section 4674, Rev. Laws 1910, we are of the opinion that the superior court of Muskogee county had jurisdiction of this suit, and that the plaintiff was entitled to maintain her cause of action therein and to have summons issued to the other counties and served upon the defendants below, who had executed said supersedeas bond.

Wherefore we recommend that this judgment be affirmed.

By the Court: It is so ordered.

---

On motion for judgment for supersedeas bond. Motion sustained.

**APPEAL AND ERROR** — Liabilities on Bonds —, Entry of Judgment.
Where supersedeas bond is filed, and on appeal to this court the judgment of the lower court is affirmed, on motion of defendant in error, under chapter 249, Sess. Laws 1915, judgment will be entered in this court against the sureties on the appeal bond.

(Syllabus by Rittenhouse, C.)

Opinion by RITTENHOUSE, C. On appeal to this court from a judgment of the superior court of Muskogee county, which judgment was based upon a former bond, supersedeas bond was filed in the instant case, executed by plaintiffs in error, Oklahoma Fire Insurance Company, Frank Chesley, and Robert Galbreath, as principals, and Jno. D. Porter and L. C. Cardiff, as sureties, to stay execution on said judgment. On March 14, 1916, the judgment of the lower court was affirmed, and motion has been filed for judgment against the sureties upon the supersedeas bond, which motion is sustained, under the authority of chapter 249, Session Laws 1915, as construed in *Long v. Lang & Co.*, 49 Okla. 342, 152 Pac. 1078, and *Starr et al. v. Haygood*, 53 Okla. 358, 153 Pac. 1157.

Judgment is therefore entered in this court against Jno. D. Porter and L. C.. Cardiff, in the sum of $3,085, with interest from April 21, 1914, at the rate of 6 per cent. per annum, and for costs; for which let execution issue.

By the Court: It is so ordered.