## EMERSON v. UNDERWOOD et al.

No. 28681.   Feb. 14, 1939.

Frank Hickman, for plaintiff in error.

J. B. Underwood and Joe W. Simpson, in pro. per.

RILEY, J. This is an appeal from an order and judgment canceling or setting aside in part a written release and satisfaction of a judgment, and sustaining an attorney's lien as against plaintiff in error and awarding judgment for attorney's fee.

In 1926, Mildred Amos, one of the defendants in error herein, filed a suit against the Blue Bird Cab Company to recover damages for personal injuries. Said action was No. 37303, in the district court of Tulsa county. Therein she was represented by the firm of Allen, Underwood & Smith. The petition had endorsed thereon an attorney's "lien claimed." That cause was tried to a jury on February 21, 1927, resulting in a verdict and judgment in favor of the plaintiff, Mildred Amos, in the sum of $1,-210. The defendant therein, Blue Bird Cab Company, gave notice of intention to appeal, and took an extension of time to prepare and serve a case-made. Thereafter, in order to supersede said judgment, the cab company filed a supersedeas bond with John R. Emerson, Bettie Bolden, and G. W. Wilson as sureties. The cab company failed to perfect its appeal, and the judgment against it became final.

Thereafter Mildred Amos filed suit in the district court of Tulsa county against said sureties on said supersedeas bond. Said action was No. 40624, in the district court. Judgment was obtained against two of the sureties, Bolden and Wilson. Plaintiffs assert that said action was dismissed as to Emerson. Defendant in this action asserts that judgment had been entered against Emerson and was later set aside, and that said action was never dismissed as against Emerson. Anyway, May 25, 1929, another action was filed in said court against John R. Emerson, as surety on said supersedeas bond. This cause was No. 45248, in the district court. Judgment against Emerson was entered therein on December 29, 1931.

The cab company apparently became insolvent and various proceedings appear to have been taken to enforce payment against Emerson, among which were proceedings to require him to disclose assets.

In the meantime Mildred Amos moved to Chicago.

While these proceedings were pending, and on or about November 8, 1937, plaintiff in error herein, John R. Emerson, in company with Dr. Melvin Payne, went to Chicago, and procured from Mildred Amos a purported satisfaction of said judgment against Emerson in cause No. 45248, supra, as follows:

"In the District Court, Tulsa County, Oklahoma.

"Mildred Amos, Plaintiff, v. Bluebird Cab Co., a corp., John R. Emerson and Bettie Bolden, Defendant. "No. 45248.

"Satisfaction of Judgment, and Dismissals.

"For and in consideration of the sum of $600.00 to me, Mildred Amos, plaintiff herein, in hand paid, the receipt of which is hereby acknowledged, I hereby declare the judgment in this cause fully paid, released and satisfied and that upon the payment of all court costs herein and the payment of all court costs in causes Nos. 37303, and 40624, by defendants or either of them, this cause is hereby dismissed with prejudice.

"Mildred O. Amos, "Plaintiff."

This instrument was verified by the affidavit of Mildred Amos to the effect that she was the plaintiff in said action, and in causes numbered 37303 and 40624 in the district court of Tulsa county, Okla.; that she had read the instrument and fully understood the same. The instrument was filed in the district court of Tulsa county on November 10, 1937.

On November 27, 1937, plaintiff, Mildred Amos, through her attorneys, J. B. Underwood and Joe Simpson, and J. B. Underwood and Joe Simpson, individually, filed a motion to vacate said satisfaction of judgment, alleging in substance that the judgment against Emerson was rendered upon the supersedeas bond given by the cab company in the original suit No. 37303, wherein the lien claim was endorsed on the petition, and that in addition thereto Emerson had actual notice of the attorney's lien claim. It was further alleged that said sum of $600 was not in fact received and accepted by plaintiff as full satisfaction of said judgment, and that said instrument was procured by false representations. This motion was verified by the affidavit of Mildred Amos, setting out at length the alleged circumstances under which she signed the instrument; that she procured the advice of an attorney in Chicago before signing same, and he advised her that the effect thereof would be only payment "pro tanto" on said judgment. Later a supplemental motion was filed going more into detail as to the circumstances attending the execution of the instrument in question, and alleging in substance that it was understood by all parties present, including Emerson, that the release and satisfaction would not affect the judgment as to the attorney's lien claim.

No written response to the motion and supplemental motion appears to have been filed. Hearing was had under stipulation that the testimony of the witnesses in Chicago should be taken in the form of interrogatories and answers. At the close of said hearing said motion to vacate was denied as to the interest of Mildred Amos in said judgment, but was sustained as to the claim of the attorneys on their lien claim, and it being made to appear that the attorneys in the original action had a contract with Mildred Amos for a contingent fee of 50 per cent. of the recovery, judgment was entered in favor of said attorneys in the sum of $610, and Emerson appeals.

The principal contention of plaintiff in error is that, since there was no endorsement of lien claim by plaintiff's attorney on any pleading in the action against Emerson on the supersedeas bond, and no notice in writing of a claim of attorney's lien was served upon Emerson, and no notation of such claim was entered on the judgment docket until after the satisfaction and release of said judgment was filed in the district court, said attorneys had no valid lien as against the judgment on the supersedeas bond, and that it was error to set aside such satisfaction of judgment as to the rights of said attorneys, and that the judgment entered against plaintiff in error was error.

It is asserted that the provision for an attorney's lien is purely statutory, and that such statutory provision must be complied with in order to create and preserve the lien. This we think is a fair statement of the law in this regard. However, there is no contention that the attorneys did not comply with the law sufficiently to preserve and protect their lien as against the defendant in the original action. We think they did and their lien continued as against such defendant until paid and satisfied.

Defendants in error contend that while Emerson was not a party defendant in the original action, he voluntarily became a party defendant in said action when he

became surety on the supersedeas bond. If this be true, then there was no error in the ruling and order of the trial court, for section 4206, O. S. 1931, title 5, sec. 8, Okla. Stat. Ann., provides:

"Should the party to any action or proposed action, whose interest is adverse to the client contracting with an attorney settle or compromise the cause of action or claim wherein is involved any lien, as mentioned in the preceding section thereof, such adverse party shall thereupon become liable to such attorney for the fee due him or to become due him under his contract of employment. * * *"

Section 4204, O. S. 1931, title 5, sec. 6, Okla. Stat. Ann. provides:

"From the commencement of an action, or from the filing of an answer containing a counterclaim, the attorney who represents the party in whose behalf such pleading is filed shall, to the extent hereinafter specified, have a lien upon his client's cause of action or counterclaim, and same shall attach to any verdict, report, decision, finding or judgment in his client's favor; and the proceeds thereof, wherever found, shall be subject to such lien, and no settlement between the parties without the approval of the attorney shall affect or destroy such lien. * * *"

It is clear that if Emerson became a party defendant in the original action by becoming surety on the supersedeas bond, he thereby became a party to an action with interest adverse to the client of the attorney in the original action, and thereby became liable to the attorneys under the provisions of section 4206, supra.

As to whether Emerson did become a party to the original action by becoming surety on the supersedeas bond, we call attention to the decision of the Supreme Court of the United States in Moore et al. v. Huntington, Adm'r, et al., 84 U. S. 417-424, 21 L. Ed. 642. Therein it is said:

"The decree was rendered in the Supreme Court jointly against the defendants and their sureties in the appeal bond, and it is alleged for error that no such judgment could be rendered against the latter. But there is no error in this. It is a very common and useful thing to provide by statute that sureties in appeal and writ of error bonds shall be liable to such judgment in the appellate court as may be rendered against their principals. This is founded on the proposition that such sureties, by the act of signing the bond, become voluntary parties to the suit and subject themselves thereby to the decree of the court."

There is reason for this, in that, while the supersedeas bond ran only to Mildred Amos, plaintiff in the original action, the condition thereof, after reciting the judgment, etc., was, "now, therefore, if said above named principal shall pay the condemnation money and costs, in case said judgment appealed from shall be affirmed in whole or in part, then this obligation shall be void, otherwise to remain in full force and effect."

Since the attorney's notice of lien claim was properly endorsed on the petition, the defendant was obligated to pay not Mildred Amos, alone, the condemnation money, but was bound to pay it to her and her attorneys, unless the attorneys gave their consent that payment be made to Mildred Amos. Emerson became surety in the bond with notice of this lien claim, and he, likewise, could not compromise and settle said judgment without the consent of the attorneys.

In Long v. O. R. Lang & Co., 49 Okla. 342, 152 P. 1078, the above statement in Moore v. Huntington, supra, was quoted with approval, together with a similar statement by the Supreme Court of Arkansas in Rogers v. Brooks, 31 Ark. 194, where it is said:

"Under the statute, where a decree for money, stayed by an appeal bond, is affirmed, a decree goes against the sureties in the appeal bond, as a matter of course. If the clerk omits to enter the decree against the sureties at the time of entering the decree of affirmance against the appellant, it may afterwards be entered nunc pro tunc. The sureties, having made themselves parties to the suit by entering into the appeal bond, are not entitled to notice before decree against them."

To the same effect is Greer et al. v. McCarter, 5 Kan. 17.

Under the above authorities, we hold that Emerson, when he became surety in the supersedeas bond, thereby voluntarily became a party to the original action of Amos v. The Cab Company. Under section 4204, supra, the attorney's lien attached to the verdict and judgment in the original action, and "the proceeds thereof, wherever found." The later judgment against Emerson was but one form of "proceeds" of the original judgment. Therefore the lien attached to such judgment. This being true, it follows that there was no error in the order and judgment appealed from.

It is unnecessary to consider the question raised as to the effect of alleged actual notice of the lien claim, claimed to have

been orally given by Underwood to Emerson.

The order and judgment is affirmed.

BAYLESS, C. J., and OSBORN, GIBSON, and DAVISON, JJ., concur.