ATLAS LIFE INSURANCE CO. v. RANDLE.

No. 30368. May 19, 1942.

Rehearing Denied June 9, 1942.

*126 P. 2d 517.*

Rogers, Stephenson & Dickason, of Tulsa, and C. W. Clift, of Oklahoma City, for plaintiff in error.

T. J. McComb and Paul Pugh, both of Oklahoma City, for defendant in error.

PER CURIAM. Plaintiff, Jennie Hollingsworth Randle, filed her action against the defendant, Atlas Life Insurance Company, to recover the amount remaining due on two insurance policies, one for $3,000 and one for $2,000. The action was based on fraud. A jury trial resulted in a verdict for the plaintiff for $1,136.19, the amount sued for, and judgment being rendered thereon, defendant appeals. In 15 allegations of error defendant has presented three specifications, the first of which is that the court erred in overruling its plea to the jurisdiction on the ground that the venue of the action was not in Oklahoma county.

We are of the opinion, and hold, that this objection must be sustained. Plaintiff was the mother of Luther Hollingsworth Randle, who died in Duncan, Okla. The insured had formerly resided at Sayre, Okla., and all of the transactions relating to the procurement of the policies occurred at the home office of the defendant in Tulsa, Okla., or in Beckham county. Thereafter, whatever transactions were had in the settlement of the claim for death or the payment therefor and all negotiations, including the settlement, were had either in Tulsa county or Beckham county. At the time of the commencement of the action plaintiff was a resident of Stephens county; at the commencement of the action defendant filed its affidavit that it was a resident and domestic corporation with its principal place of business in Tulsa, Okla. Nowhere is this denied. Plaintiff attempts to justify the jurisdiction of the district court of Oklahoma county on the theory that defendant has a branch agency in Oklahoma City and that service of summons was had on the managing agent Lucado. Plaintiff cites 12 Okla. St. 1941 § 134, and Katschor v. Eason Oil Co., 185 Okla. 275, 91 P. 2d 670. The venue of an action not otherwise specifically provided for is in the county where the defendant resides or may be summoned. The right of a defendant corporation to be sued in the county of its residence or where it may be summoned is a valuable right. First National Bank v. Henshaw, 169 Okla. 49, 35 P. 2d 898. Under Title 12 Okla. St. 1941 § 134, the venue in a suit against a domestic insurance corporation is as provided for any other domestic corporation. Oklahoma Fire Ins. Co. v. Kimple, 57 Okla. 398, 156 P. 300. Although under Title 12 Okla. St. 1941 § 164, service of summons may be had on the chief officer of an agency where there is an agency in the county, this is so only where the action is properly brought under the provisions of Title 12 § 134, supra. Oklahoma Fire Ins. Co. v. Kimple, supra. This section provides that the action can only be brought in the county in which the corporation is situated or has its principal office or place of business, or where some one of the principal officers may reside or be served or where the cause of action or some part thereof arose. There was no service upon any officer of the corporation; nor did any cause of action or any part thereof arise in Oklahoma county. It follows, therefore, that the court erred in refusing to sustain the plea to the jurisdiction for the reason that the venue was not in Oklahoma county.

Reversed.

WELCH, C.J., and RILEY, OSBORN, BAYLESS, GIBSON, and DAVISON, JJ., concur. CORN, V.C.J., dissents. HURST and ARNOLD, JJ., absent.