## COMMONWEALTH LIFE INS. CO.
### v.
### HUTSON.
### No. 35949.

Supreme Court of Oklahoma.
April 13, 1954.

Rehearing Denied April 27, 1954.

Application for Leave to File Second Petition for Rehearing Denied June 22, 1954.

Harry L. Dyer, William K. Powers, Deryl Lee Gotcher, John T. Gibson, Tulsa, for plaintiff in error.

Allen G. Nichols, Walter Billingsley, Wewoka, for defendant in error.

JOHNSON, Vice Chief Justice.

This action was commenced by Jack T. Hutson, hereinafter called plaintiff to recover against the defendant, Commonwealth Life Insurance Company, on an insurance contract: Judgment was rendered for plaintiff and defendant appeals.

The record discloses that Lela Hutson, the mother of plaintiff, purchased an insurance contract from defendant to cover liability for certain diseases. She testified that on August 5, 1949, she purchased a contract from W. T. Campbell, local insurance agent at Wewoka, Oklahoma. This policy was taken out for her son who was in the military service. The contract under date of August 6, 1949, was mailed to her from the home office at Tulsa, Oklahoma. She paid the agent Campbell $10 for the policy on August 5, and at that time informed him that plaintiff's family consisted of himself, his wife, Betty Lou Hutson, and a son, Charles Edward Hutson; that plaintiff's wife was pregnant and expected a baby approximately six months from the date. The agent told her that the new born child would be automatically covered when born. She further testified she saw the agent in April and May thereafter and told him the child was born on February 25, 1950; that the agent again informed her on both of these occasions that the child, Linda Lee Hutson was automatically covered by the policy. The child was born February 25, 1950 as stated by the witness above. Between June 2 and June 5, 1950, Linda Lee Hutson was stricken with poliomyelitis and encephalitis.

The agent testified that he had no recollection of the conversations of April and May of 1950 but admitted that he was informed at the time of the application for the policy by Lela Hutson that the wife of plaintiff expected a child. He further testified that sometime before June 9, 1950, he was informed the child had been born and addressed a letter on June 9 to the defendant so informing it. This letter was received by defendant and defendant endorsed on the policy the name of Linda Lee Hutson on June 14, 1950. A letter dated June 12, 1950 was introduced in evidence. This

letter informed the defendant that Linda Lee Hutson had suffered a disease listed by the policy. This letter was never received by defendant but by some method was misdirected and finally found its way into the possession of Lela Hutson. It is not denied that Linda Lee Hutson suffered from a disease listed in the policy and the amount of judgment is not in dispute in this appeal.

It is first argued that the trial court had no jurisdiction over the defendant and that the court erred in overruling the motion to quash and erred in failing to sustain the plea to the jurisdiction. It is contended that under the provisions of 12 O.S.1951 § 134, the action must be brought where defendant has its principal office or place of business or in which the principal officers may reside or be summoned or in the county where the cause of action or some part thereof arose; that none of these conditions were met. This contention cannot be sustained. The policy should be construed so that the child, by reason of the statements made in relation to the application, is considered included in the policy. The action therefore is for a person covered by the policy. The cause of action arose in Seminole County and the action was properly brought there. Oklahoma Fire Ins. Co. v. Kimple, 57 Okl. 398, 156 P. 300, 157 P. 317.

The more serious question presented is the finding of the trial court that the defendant is liable without the endorsement of the child on the policy prior to June 2, 1950. We are of the opinion that the court was justified in finding that the defendant through its soliciting agent is bound by the representation that the child was automatically included in the policy. The evidence shows that had the policy been taken out in May, 1950, by reason of a change in the phrasing of the contract Linda Lee Hutson would have been automatically included although born later.

The exact question appears never to have been decided by this court. Similar questions have been presented in a number of cases one of which is North American Accident Ins. Co. v. Canady, 196 Okl. 105, 163 P.2d 221, 224. Therein the court stated:

" 'Soliciting agent of insurer, even though he is without power to issue policies, is insurer's agent in taking applications, with full power and authority as to such applications, and acts performed and knowledge received and acted upon by him in connection with applications are binding on insurer, in absence of fraud or collusion between agent and applicants.' "

A number of cases are cited on this question or related questions. One of them is Hospital Service Corporation v. Clifton, 29 Ala.App. 356, 196 So. 165. Therein it is stated:

"An agent who had right to solicit hospitalization insurance, to explain it to policyholder, to collect and remit the premium therefor, and to fill out application of policyholder, had right to tell policyholder that policyholder's wife was included in certificate that had been issued, and insurer was bound by agent's statement on which policyholder relied in signing a second application and in paying a quarterly premium and insurer was barred by 'waiver' and 'estoppel' from setting up as a defense indorsement on certificate that agent had no authority to make any agreement not specifically set forth in written contract."

We quoted the above paragraph of the syllabus with approval. Therein the representation was made by a soliciting agent who stated that one not named in the policy was included within its terms. We think the rule applicable here. The case under consideration is a stronger case than the Alabama case. In that case there was an additional premium for the wife and there was no showing the extra premium was paid to the insurance company before delivery of the certificate of insurance to the husband. In the case under consideration there was no additional premium to be paid. The policy covered Linda Lee Hutson without further payment of premium and had the defendant been notified on February 25, 1950 or any time thereafter between then and June 2, 1950, Linda Lee Hutson would have been unquestionably endorsed on the

policy without any other condition to be met in the policy.

Plaintiff insists that the acts of the agent were ratified by the action of defendant on June 14, 1950, after notification on June 9, while the defendant answers that had it received the letter of June 12, it would have made no endorsement on the policy. We are of the opinion and hold rather that the basis of the liability rests on the authority of the agent Campbell as stated above and not upon ratification. The liability is to be found in the acts of defendant causing the purchase of the policy and the reliance upon the terms thereof. The acceptance of the notice of June 9 is merely evidence of the authority of the soliciting agent.

Finding no error in the judgment of the court that would require a reversal the judgment is affirmed.

HALLEY, C. J., and WELCH, CORN, DAVISON, ARNOLD, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.