The RESOLUTE INSURANCE COMPANY, Inc., a Rhode Island Corporation, Plaintiff in Error,

v.

WESTERN BANK AND OFFICE SUPPLY, INC., Defendant in Error.

No. 43272.

Supreme Court of Oklahoma.

Oct. 5, 1971.

Simon B. Spradlin, Oklahoma City, for plaintiff in error.

Robert W. Pittman, Savage, Gibson, Benefield & Shelton, Oklahoma City, for defendant in error.

LAVENDER, Justice:

A judgment in favor of Western Bank and Office Supply, Inc. (Wesbanco) against Omni, Incorporated was superseded by the filing in the trial court of a supersedeas bond upon which obligation plaintiff in error, The Resolute Insurance Company, Inc. (Resolute), was surety. Omni, Incorporated failed to perfect its appeal to this court within the time prescribed therefor and the judgment of the trial court became final. The principal condition of the supersedeas bond, of course, was that in the event the judgment involved was not set aside the surety would be obligated—along with the defendant—to pay the judgment.

After the time for filing the appeal had run, Wesbanco filed in the trial court an instrument entitled "Application and Motion for Judgment Against Surety." The instrument recited the facts as stated and prayed for summary judgment against the surety in accordance with the latter's obligation under its contract of suretyship. The trial court set the matter for hearing some sixteen days in the future and directed applicant to serve a copy of the application along with a notice of the setting of the same upon the State Insurance Commissioner and E. L. Johnson, attorney-in-fact for Resolute. This service was accomplished by mailing the copies. There was no contention by Resolute that it did not receive the copies.

On June 20th, the date set for the hearing, Resolute's attorney appeared and objected to the proceeding on the ground that it was "void and without authority of law." These objections were overruled and exceptions allowed Resolute. The latter filed no answer nor made any other response

and after evidence was presented on behalf of Wesbanco, a judgment in the same amount as was entered against Omni, Incorporated was entered against the surety. Resolute thereafter filed this appeal in which it says it relies only on the proposition that the above related method of proceeding was not authorized by law and the judgment against Resolute was void. The contention is made also that if the judgment was not void, it was "rendered in error" and should be reversed.

Resolute does not tell us what, if any, defense it has to Wesbanco's claim upon the bond. Resolute contends, however, that a separate action should have been commenced against it or at least that summons should have been issued and served upon it in which it would have been given the statutory period within which to answer the allegations of Wesbanco's application for judgment. Resolute argues that in the absence of a statute specifically authorizing the trial court to enter a summary judgment upon a supersedeas bond that the trial court is without such authority.

Resolute has not called our attention to any cases such as here where the trial court, instead of this court, has entered what Resolute terms a "summary" judgment against the surety on a supersedeas bond when for some reason the appeal is not properly commenced in this court.

It is fundamental that where the appeal is not properly commenced so that this court acquires jurisdiction of the litigation that this court cannot enter judgment for the successful litigant on the supersedeas bond.

It has also been said that the surety by his act in signing the appeal or supersedeas bond makes himself a party to the suit and is not entitled (by "right") to notice before a decree may be entered against him. Emerson v. Underwood (1939), 184 Okl. 358, 87 P.2d 977. In that case we quoted from an opinion by the U.S. Supreme Court:

"* * * it is alleged for error that no such judgment (one entered against the principal and surety by the appellate court) could be rendered against the (surety). But there is no error in this. It is a very common and useful thing to provide by statute that sureties in appeal and writ of error bonds shall be liable to such judgment in the appellate court as may be rendered against their principals. This is founded on the proposition that such sureties, by the act of signing the bond, become voluntary parties to the suit and subject themselves thereby to the decree of the court."

We have no statute in Oklahoma specifically authorizing the trial court to enter judgment under similar circumstances as existed here. Resolute, however, would have us hold therefore that due process demands that a separate action upon the bond be commenced against the surety before its liability to pay the judgment may be validly determined. This we decline to do.

We know of no rule of law that provides that the only method by which due process may be afforded a litigant is a method which must be provided by statute and that in the absence of a specific statute jurisdiction does not exist. (The statutes we refer to, of course, being those providing for commencement of actions, issuance and return of process, etc.)

Accepting as the basis for further discussion the premise already announced by this court that one who signs a supersedeas bond thereby becomes a party to the pending action and is not entitled to have summons served upon him, we observe further that the trial court in this instance was a court of general jurisdiction already invested by numerous statutes with the power to entertain proceedings in aid of executing its judgments. Resolute, when it signed the bond, in effect prevented the enforcement of the trial court's judgment. Trial courts have an inherent interest not only in the integrity and validity but also in the enforcement and satisfaction of judgments rendered by them. This is not a situation where reasonable notice was not given to the objecting party; neither is this a case where the objecting party had an apparent valid defense to the entry of

judgment against him and was prevented from presenting that defense. To delay the entry of such judgment merely to satisfy the demands that a certain form of procedure be followed seems to us to unnecessarily elevate form above substance.

Resolute's contention that the trial court's judgment was void is therefore denied.

The surety's alternative proposition that if we find the trial court's judgment was not void then we are urged to reverse it for error in entering it is not supported by any specific charge of error. The length of notice of the hearing is not described by Resolute as insufficient to allow it to prepare to defend itself. Resolute does not challenge the evidence adduced at the hearing as being insufficient to support the judgment. The surety's attorney was present at the hearing and, so far as we can tell, had an opportunity to cross examine the judgment creditor's witnesses and to present evidence favorable to it. Under these circumstances, we find no error.

The judgment of the trial court is affirmed.

BERRY, C. J., DAVISON, V. C. J., and BLACKBIRD, JACKSON, IRWIN, HODGES and McINERNEY, JJ., concur.

WILLIAMS, J., dissents.