### W. D. KELLY v. MARYLAND CASUALTY COMPANY.[1]

May 22, 1903.

Nos. 13,422—(115).

### Accident Insurance—Medical Services.

An accident insurance policy provided: That "the assured shall not settle any claim, except at his own cost, nor incur any expense, nor interfere in any negotiations for settlement or in any legal proceeding without the consent of the company previously given in writing, but he may provide at the time of the accident such immediate surgical relief as is imperative. The assured when requested by the company shall aid in securing information and evidence and in effecting settlements, and in case the company calls for the attendance of any employee or employees as witnesses at inquests and in suits, the assured will secure his or their

[1] Reported in 94 N. W. 889.

89 M.—22

attendance, making no charge for his or their loss of time." That "no action shall lie against the company as respects any loss under this policy unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue." That "this policy shall only cover losses sustained by and liability for any claims against the assured as a result of the risk specified in the contract or contracts hereto attached."

*Held,* the insured was constituted the agent of the insurer for the purpose of calling medical attendance in case of emergency, and the liability incurred was independent of the obligations otherwise provided in the policy.

Action in the municipal court of St. Paul to recover $475, and interest, for professional services as physician and surgeon performed at the request of C. W. Kennedy, the holder of an employer's liability policy of insurance issued by defendant. The case was tried before Hine, J., who found in favor of plaintiff for $150. From a judgment entered pursuant to the findings, defendant appealed. Affirmed.

*Armstrong & Begg,* for appellant.

*John I. Howard,* for respondent.

LEWIS, J.

Mary Thiel, while employed in the laundry of C. D. Kennedy, sustained injuries necessitating the amputation of her arm, for which she brought action resulting in a judgment of $5,000. Immediately after the accident, Kennedy called respondent, a practicing physician, to attend to the injury. Kennedy was insured in appellant company against loss by accident, and respondent brought this suit for the purpose of collecting his bill.

Upon the trial in the court below respondent offered in evidence the policy of insurance for the purpose of establishing Kennedy's authority to call him to attend the case, and the only question necessary to review is the finding of the court that Kennedy was such agent. The policy of insurance was introduced to prove agency, and the pertinent parts of it are as follows:

"3. The assured shall not settle any claim, except at his own cost, nor incur any expense, nor interfere in any negotiations for settlement or in any legal proceeding without the consent of the com-

pany previously given in writing, but he may provide at the time of the accident such immediate surgical relief as is imperative. The assured when requested by the company shall aid in securing information and evidence and in effecting settlements, and in case the company calls for the attendance of any employee or employees as witnesses at inquests and in suits, the assured will secure his or their attendance, making no charge for his or their loss of time."

"8. No action shall lie against the company as respects any loss under this policy unless it shall be brought by the assured himself to reimburse him for loss actually sustained and paid by him in satisfaction of a judgment after trial of the issue."

"10. This policy shall only cover losses sustained by and liability for any claims against the assured as a result of the risk specified in the contract or contracts hereto attached."

The proper construction of the provisions above quoted presents a very close question, upon which we are not free from doubt, but, on the whole, are satisfied with the conclusion reached by the trial court. Appellant's argument is that respondent was an entire stranger to the contract, and that no authority was conferred upon Kennedy to employ him for appellant; that, when the entire instrument is construed together, it is apparent that the contract of insurance is one of indemnity, and that unless Kennedy actually disbursed money, and himself became liable for respondent's bill, there could be no indemnity within the spirit of the contract; and, again, that medical attendance was one of the elements of damage, and should have been included in the suit terminating in the Thiel judgment, and, appellant having settled that obligation, its entire liability to Kennedy has been discharged.

This argument fails to make an entirely satisfactory disposition of the language, "But he may provide at the time of the accident such immediate surgical relief as is imperative." The eighth section, above quoted, when considered by itself, might bear the meaning that in no case would the insurance company be liable, unless the insured had been sued, the suit result in a judgment, and the judgment, in fact, be satisfied by him. But the tenth section refers in general terms to losses sustained, also to liability incurred for any claims against the assured, and it is reasonable to assume that the word "liability" refers to a liability other than one strictly in

the nature of indemnity, viz., the liability incurred by Kennedy for the insurance company in calling the physician in case of emergency. This reasoning has much force from the fact that it would be to appellant's advantage to provide direct authority to call a physician immediately, in order that by immediate medical attendance the amount of liability might be decreased. From this point of view the provision for quick surgical relief may be treated as independent express authority conferred upon the insured for that purpose, and the liability thus assumed is not strictly in the nature of indemnity.

Judgment affirmed.