JAMES H. LOUGHLIN & others *vs.* WRIGHT MACHINE COMPANY.

Worcester. September 21, 1936. — November 9, 1936.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Equity Jurisdiction*, To enjoin trespass. *Res Judicata.*

A decree denying equitable relief by way of an injunction against the maintenance of a sewer across a strip of land was *res judicata* barring a suit between the same parties seeking an injunction against the maintenance of the sewer from the strip of land through an adjoining private way to a public way, it appearing that, at the time the first suit was begun, the plaintiff had the same rights in the private way that he asserted in the second suit.

BILL IN EQUITY, filed in the Superior Court on October 4, 1934.

The suit was heard by *Broadhurst*, J., by whose order a final decree was entered dismissing the bill. The plaintiffs appealed.

*J. H. Loughlin, pro se.*

*A. Houghton,* for the defendant.

LUMMUS, J. In large measure this is a revival of a controversy determined in *Loughlin* v. *Wright Machine Co.* 273 Mass. 310. The plan shown in the report of that case helps make the matter clear. The defendant owns land northeasterly of two lots owned by the plaintiffs numbered 52 and 47, and the end of Carson Court which lies between them. Between these lots and the end of Carson Court, on the one hand, and the land of the defendant on the other, lies a strip of land six inches wide, originally reserved by one Martha Goulding, when she sold the land in lots about seventy years ago, for the purpose of preventing access to Carson Court by the then owners of the land now owned by the defendant. In 1927 the plaintiffs acquired title to that strip.

Before that, in 1915, the predecessor in title of the defendant, in ignorance of the existence of that strip, caused the factory on its land to be connected with the public sewer in Carson Court by laying underground pipes across the strip and down Carson Court about eighty feet to the public sewer. This sewer connection has been maintained ever since.

The bill in equity in the earlier case, filed on February 9, 1928, which was brought in the name of the plaintiff James H. Loughlin alone but really on behalf of all the present plaintiffs (*Plumb* v. *Goodnow's Administrator*, 123 U. S. 560; *Columbia Ins. Co.* v. *Mart Waterman Co. Inc.* 11 Fed. [2d] 216) sought an injunction against maintaining any sewer or drain pipe in or across said strip. The place of the trespass is at the northeasterly end of Carson Court, where the six-inch strip can be put to no use by the plaintiffs with which the pipes would interfere. This court decided that the case fell within the class of cases in which an injunction against trespass will be denied (*Geragosian* v. *Union Realty Co.* 289 Mass. 104, 110; *Gray* v. *Howell*, 292 Mass. 400), and gave the plaintiff only nominal damages without prejudice to the recovery of further damages "whenever the maintenance of the sewer under the six-inch strip of land shall interfere with the plaintiff's beneficial use of it."

The present bill, filed October 4, 1934, presents as its only new feature a claim by the plaintiffs to title to the soil of Carson Court, and a continuing trespass by sewer pipes underground in that court.

The deed to the plaintiffs' predecessor in title conveyed merely by lot numbers, with a statement of the area of each lot, but without reference to Carson Court as a boundary. There is an express finding that no title to the soil of Carson Court was acquired by adverse possession. But if we assume that title passed by the deed as far as the middle of the court (*Boston* v. *Richardson*, 13 Allen, 146), the facts more fully stated in the opinion in the earlier case show that purely equitable relief is no more called for because of such a trespass in Carson Court than because of

the trespass in the six-inch strip.*   Moreover, both were part of a single and indivisible cause of suit which was adjudicated against the plaintiffs in the earlier case so far as purely equitable relief is concerned.   *Canning* v. *Shippee,* 246 Mass. 338.   *Smith* v. *Boston Elevated Railway,* 266 Mass. 424, 431.   *Chelsea Moving & Trucking Co. Inc.* v. *Ross Towboat Co.* 280 Mass. 282, 286.   *Franklin* v. *North Weymouth Cooperative Bank,* 283 Mass. 275, 279.   *Mackintosh* v. *Chambers,* 285 Mass. 594, 597.   *Karas* v. *Karas,* 294 Mass. 230.   The decree dismissing the bill was right.

*Decree affirmed with costs.*

---

* The judge who heard this suit found: "They [the plaintiffs] do not seek to maintain this bill to recover damages on the grounds reserved to them under the final decree in the earlier suit.   The continued presence of the sewer in the six inch strip does not interfere with the plaintiffs' beneficial use thereof." — REPORTER.