## HARLOW PUBLISHING CO. v. PENNEL & HARRISON.

No. 25455.    March 9, 1937.

action arose in the county where the action is sought to be maintained. The petition as filed, and as it continued until the trial, was hardly susceptible of being construed to allege outright that some part of the cause arose in Washington county, but during the trial an amendment was permitted. This clearly shows that the contract was executed, the money paid, and delivery made in that county. There never was and is not now any dispute on this. The defendant preserved its record in respect of its motions and pleas to venue and jurisdiction, but it did not base them on fact, but on law—the lack of power of the particular court to bring it before its bar in that county. Section 3957, O. S. 1931, makes the rules of law of pleading, practice, and procedure of district courts that of county courts in civil actions. Venue is procedure. For a discussion of the difference between jurisdiction and venue under circumstances similar to those herein, see 67 C. J. 11, under title Definitions and Distinctions. The trial court did not err in refusing defendant's pleas to the jurisdiction based upon the asserted lack of venue.

Charles A. Moon (Stone, Moon & Stewart, C. W. Van Eaton, and Richard C. Hoy, of counsel), for plaintiff in error.

Pennel & Harrison, pro se.

BAYLESS, V. C. J. Pennel & Harrison, a copartnership at Bartlesville, Okla., sued in the county court of Washington county, Okla., to recover certain relief from Harlow Publishing Company, a corporation, under the laws of Oklahoma. The defendant appeals from a judgment rendered in favor of the plaintiff.

The first assignment of error relates to the power of the county court of Washington county to send a summons to Oklahoma county to be served upon the defendant. The defendant has no office or place of business in Washington county. The jurisdiction of the county courts is prescribed by the Constitution of Oklahoma. Article 7, sec. 12 (13564, O. S. 1931). This is a civil action for relief from conditions arising out of a contract. The amount involved is less than $1,000. Clearly the court had jurisdiction of the subject-matter. Did it have jurisdiction of the person—that is, did it have the defendant before it in a manner prescribed by law? This is a question of venue, but relates nevertheless to jurisdiction, which consists of several elements. The venue of actions against domestic corporations is fixed by section 112, O. S. 1931; and one of the tests set out is whether any part of the

The defendant's second assignment that no part of the cause arose in Washington county is without merit in view of the facts.

The defendant's third assignment denies the right of plaintiff to maintain an action against defendant for its shortcomings in respect of a contract made between defendant and the state of Oklahoma. This involves count 2. The gist of this argument is that, although this contract was for the benefit of the state, and incidentally of its citizens, nevertheless the citizens individually have no cause of action against defendant even if it be conceded that defendant's performance of the obligations of the contract are imperfect or short of what might reasonably have been expected. The plaintiff contends that the oral contract it had with defendant bound defendant to furnish it two sets of statutes under the same terms and conditions as are specified in sections 4271-4272, O. S. 1931, and that it is suing for the breach of this agreement and not for the breach of the agreement between state and defendant. This is erroneous in our opinion. To follow plaintiff's theory to its logical conclusion, we would necessarily hold that defendant would be obligated to publish, in all of the implications implicit in said sections, supra, sets of statutes especially for plaintiff. In our opinion, what the plaintiff contracted to buy from defendant was two sets of the statutes as pub-

lished by defendant pursuant to its contract with the state. That is all. It is elementary law of contracts that if these books did not meet with the contract of sale, plaintiff was not obligated to keep them. We will advert to this in later discussion. But plaintiff has no cause of action for damages arising out of defendant's alleged failure to perform its contract with the state, and defendant's pleas to the sufficiency of count 2 of plaintiff's petition should have been sustained. Lutz v. Tahlequah Water Co., 29 Okla. 171, 118 P. 128, 36 L. R. A. (N. S.) 568.

This brings us to the remaining assignments of error, which collectively relate to the relief sought and the proof in support thereof. In the first count of the petition, the plaintiff pleads rescission—that is, an offer to restore and a demand for the return of the money paid, and a failure on the part of the defendant to comply. The plaintiff's proof, to the extent of a prima facie case, supported the pleading.

The record discloses that the attorney for defendant offered to return the purchase price of said books to plaintiff if plaintiff would dismiss the suit and plaintiff refused to accept said offer for the reason that they had done too much work in correcting the statutes and therefore they were unwilling to accept the purchase price back.

Plaintiff's theory of the case can best be set out by quoting from the brief wherein the following contention is made:

"When the plaintiffs chose to return the books and asked a return of the purchase price, and made this offer in writing to the defendant, and the defendant refused, then the plaintiff had done all the law required to be done in the matter of returning the books. They had a legal right to sue for the purchase price, and if the defendant had any further interest in those specific books, they should have made it known in their pleadings in the trial court, which they failed to do, and we insist that it is too late for them to come into this court and complain that if we are to recover the price of the books, then we should return the books to defendant."

Plaintiff's construction of said statute is erroneous. If he desired to rescind the contract it was incumbent upon the plaintiff to offer to return the books to the seller promptly when the fraud was discovered (section 9500, O. S. 1931), and when the judgment was rendered in plaintiff's favor for the purchase price, it was the immediate duty of the plaintiff to return the books to the defendant. The plaintiff's position as disclosed from the above quotation puts it in the position of rescinding the contract by suing to recover his purchase price and yet keep the books. This cannot be. This is an action in equity, and plaintiff cannot have equitable relief at the expense of a forfeiture against the other party. 6 R. C. L. 936.

This court has declared the remedies which a person defrauded in the making of a contract has. J. Crouch & Son v. Huber, 87 Okla. 83, 209 P. 764. We quote:

"A person induced by fraud to purchase property has four remedies. He may, first, upon discovery of the fraud, rescind the contract absolutely and sue in an action at law, and recover the consideration parted with upon the fraudulent contract, and in such case he must restore, or offer to restore, to the parties sued whatever he has received by virtue of the contract; or, second, he may bring an action in equity to rescind the contract, and in such a case it is sufficient for him to restore, or make offer in his petition to restore, everything of value which he has received under the contract; or, third, he may affirm the contract, retain that which he has received, and bring an action at law to recover the damages sustained by reason of his reliance upon the fraudulent representations; or, fourth, he may, in an action against him to recover the purchase price, set up the damages sustained by reason of the fraud, as a defense or by way of counterclaim."

The cause of action which the plaintiff pleaded fell within the second remedy above specified. However, its proof conclusively shows that at the time the defendant offered to return the purchase price and receive back the books, the plaintiff was unwilling to carry through the rescission for two reasons: (1) The expense it had been put to in connection with the action; and (2) the expense, represented by time and labor, it had been put to in correcting the statutes. The first ground was reasonable and legitimate, for the defendant could not in equity or law meet its obligation by requiring the plaintiff to stand the expense of the litigation. The second ground was not a legitimate ground, and conclusively placed the plaintiff in the position of seeking the relief specified in the third subdivision above. In other words, the plaintiff had by the expenditure of time and labor made the books more valuable to it and it was seeking this additional value as a part of the remedy under subdivision 2, and this is not properly a part of subdivision 2. Clearly, the plaintiff may not keep these books and at the same time recover back from the defendant the money paid for them. Clearly, also, there is a fatal variance between the cause

of action pleaded and the cause of action proven.

The judgment of the trial court is reversed in so far as it grants any relief on count 2; and the judgment is likewise reversed as to the first count, unless the plaintiff shall within ten days from the date this opinion becomes final tender into court for the defendants, and shall surrender to the defendant the books so purchased; and, if the plaintiff does not tender such books, judgment in its entirety is reversed and the cause is remanded for further procedure. The costs of said action are divided equally between the parties.

OSBORN, C. J., and BUSBY, CORN, GIBSON, and HURST, JJ., concur. RILEY, WELCH, and PHELPS, JJ., absent.