GUIDO A. STUNTZNER *vs.* HAROLD E. BRASOR & others.

Suffolk.    December 13, 1937. — June 29, 1938.

Present: FIELD, LUMMUS, QUA, & COX, JJ.

*Insurance*, Motor vehicle liability.

The coverage of compulsory motor vehicle liability insurance under G. L. (Ter. Ed.) c. 90, § 34A, did not include liability of an employee on a judgment in favor of his employer for money paid by the employer to satisfy a judgment obtained by a third person against him for injuries due to negligence of the employee while, in the scope of such employment only, he was operating the insured's motor vehicle.

BILL IN EQUITY, filed in the Superior Court on June 12, 1936, and afterwards amended, against Harold E. Brasor, William A. Tannyhill, and Massachusetts Bonding and Insurance Company.

Material averments of the bill were in substance that the defendant Brasor was insured with the defendant insurance company under a compulsory motor vehicle liability insurance policy; that the defendant Tannyhill was employed as an automobile mechanic by the plaintiff, and, while so employed in June, 1934, was operating the automobile of the defendant Brasor in testing it when he negligently injured several persons, who thereupon brought actions against both the plaintiff, the employer, and Tannyhill, the employee, but later discontinued the actions against Tannyhill and recovered judgments against the plaintiff alone in sums aggregating $2,500; that the plaintiff satisfied the judgments and then brought an action against Tannyhill, his employee, to recover the amount so paid, and obtained a judgment in the sum of $2,664.73. This sum he sought to recover in this suit on the ground that his loss was caused by Tannyhill, a "person responsible for the operation of" Brasor's "motor vehicle with his express or implied consent."

A demurrer of the defendants was sustained by *Williams,* J., and a final decree was entered dismissing the bill. The plaintiff appealed.

*E. R. Langenbach,* for the plaintiff.

*S. Abrams,* (*N. F. Fermoyle* with him,) for the defendants Brasor and another.

QUA, J.    This bill is brought under G. L. (Ter. Ed.) c. 175, § 113, and G. L. (Ter. Ed.) c. 214, § 3 (10), to reach and apply the obligation of the defendant Massachusetts Bonding and Insurance Company as the insurer of the defendant Brasor under a compulsory motor vehicle liability insurance policy to the payment of a judgment recovered by the plaintiff against one Tannyhill.

The demurrer was rightly sustained.    It appears from the bill itself that the liability which resulted in the plaintiff's judgment against Tannyhill was not of the kind which is covered by a compulsory policy.    It was not "for bodily injuries" to the plaintiff or for "consequential damages consisting of expenses incurred by a husband, wife, parent or guardian for medical, nursing, hospital or surgical services in connection with or on account of such bodily injuries," as provided in the compulsory policy.    G. L. (Ter. Ed.) c. 90, § 34A.    The judgment was rendered against Tannyhill as the servant of the plaintiff for sums which the plaintiff had been compelled to pay to persons who had been injured by Tannyhill's negligence while driving Brasor's insured automobile in the course of his employment by the plaintiff.    To hold that a claim against an agent to recover the money loss caused by his inefficiency is a claim for personal injury would stretch the words of the statute and of the policy·beyond reason and beyond the purpose of the compulsory insurance law, especially in view of the careful definition in the statute itself of the type of consequential damages recoverable under the policy by persons not themselves suffering bodily injury. *Cormier* v. *Hudson,* 284 Mass. 231, 236.    *Wilson* v. *Grace,* 273 Mass. 146, 154.    *Bartlett* v. *Hall,* 288 Mass. 532.    Compare *McAdam* v. *Federal Mutual Liability Ins. Co.* 288 Mass. 537.

It becomes unnecessary to deal with questions raised by the plea or with other matters argued, some of which suggest that there may be other serious obstacles to the plaintiff's success.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs.*