JAMES SCIARAFFA *vs.* REA F. DEBLER & another.

Worcester. September 25, 1939. — October 27, 1939.

Present: FIELD, C.J., DONAHUE, QUA, COX, & RONAN, JJ.

*Insurance,* Motor vehicle liability. *Payment.*

Payment by a son, after he came of age, of hospital and medical expenses furnished upon the credit of his father during his minority because of personal injury caused by negligence of the owner and operator of a motor vehicle insured under the provisions of G. L. (Ter. Ed.) c. 90, § 34A, and recovery by him of a separate judgment against the insured for such expenses gave him no standing to maintain a suit in equity to enforce the judgment against the insurer under G. L. (Ter. Ed.) c. 175, § 113; c. 214, § 3 (10).

BILL IN EQUITY, filed in the Superior Court on October 20, 1938.

The suit was heard by *Leary,* J. The plaintiff appealed from a final decree entered by order of *Donnelly,* J.

*Nunziato Fusaro,* for the plaintiff.

*S. B. Milton,* (*R. C. Milton* with him,) for the defendant
American Policyholders Insurance Company.

RONAN, J.   The plaintiff, a minor on January 5, 1935,
was upon that date injured through the negligent operation
of an automobile by the defendant, Debler,* against whom
the plaintiff, in an action brought in a district court in his
behalf by his father, Luigi Sciaraffa, recovered a judgment
of $1,200 which has been paid.   In that case, the plaintiff
contended that he was entitled to recover for hospital and
medical expenses incurred on account of his injuries, but
the judge ruled that "the plaintiff minor is not entitled to
recover his hospital and doctor's bills in this, *his own action*
to recover for his injuries."   Such expenses were not in-
cluded in the judgment of $1,200.   The plaintiff became of
age on March 21, 1937, paid the hospital and medical ex-
penses resulting from his accident and recovered a judgment
on December 17, 1937, against Debler, upon which an execu-
tion issued that has not been satisfied.   The present bill is
brought under G. L. (Ter. Ed.) c. 175, § 113; c. 214, § 3,
(10), to require the defendant insurance company, which
had issued a motor vehicle liability policy in accordance with
G. L. (Ter. Ed.) c. 90, § 34A, to satisfy this judgment.

After a hearing upon the bill, the judge found that the
plaintiff's father on May 31, 1938, brought an action against
the defendant Debler to recover for the same damages upon
which the judgment now attempted to be enforced was
rendered; and that the father's action is pending in the
District Court upon the defendant Debler's motion to re-
move the default entered against him.   In the Superior
Court the judge found that the judgment for medical ex-
penses which the plaintiff seeks to require the insurance
company to pay "was for expenses incurred because of the
injuries which the plaintiff, a minor, sustained, said bills
being incurred while he was then a minor; that at the time
these expenses were incurred they became the obligations
of his father."   The plaintiff appealed from a final decree
dismissing the bill against the insurance company and

---

* Debler was owner as well as operator of the automobile. — REPORTER.

establishing the indebtedness of Debler to the plaintiff in the amount of the judgment. Debler did not appeal.

The judgment which is the basis of this suit might not have been entered if the defendant Debler had appeared and directed the attention of the judge to the ruling made in the first action between these same parties, that the plaintiff was not entitled to recover for these expenses. The plaintiff would have been precluded from again raising the same issue as to the defendant's liability to him for such expenses. *Loughlin* v. *Wright Machine Co.* 296 Mass. 11. *McGrath* v. *Sullivan,* 303 Mass. 327. But that judgment — whether it was right or wrong is immaterial — having become final cannot be impeached or set aside in any collateral proceeding. *Joyce* v. *Thompson,* 229 Mass. 106. *Farquhar* v. *New England Trust Co.* 261 Mass. 209.

While that judgment must be recognized as valid and conclusive while it remains outstanding, yet it does not necessarily follow that the defendant insurance company is obliged to satisfy it. The company is not entitled to a retrial of the issues decided in the action between a plaintiff and the insured so long as that action was apparently based on a cause of action within the terms of the policy, *Savage* v. *Welch,* 246 Mass. 170, 177; *Fessenden School, Inc.* v. *American Mutual Liability Ins. Co.* 289 Mass. 124; *Miller* v. *United States Fidelity & Guaranty Co.* 291 Mass. 445; but the company is not precluded from investigating the grounds upon which the judgment was based or from showing that the cause of action upon which the judgment was entered was not included in its policy of insurance. *Lunt* v. *Aetna Life Ins. Co.* 261 Mass. 469. *Kana* v. *Fishman,* 276 Mass. 206. *Sontag* v. *Galer,* 279 Mass. 309. *Phillips* v. *Stone,* 297 Mass. 341.

The policy conformed to the provisions of G. L. (Ter. Ed.) c. 90, § 34A, and furnished indemnity to Debler against loss by reason of liability to pay damages to others for bodily injuries or for consequential damages consisting of expenses incurred by a parent for medical and hospital services on account of bodily injuries received by his minor child. The plaintiff's claim for bodily injury has been

satisfied.   The medical expenses furnished him on account of his injury were properly found by the judge of the District Court in the plaintiff's first action, and by the judge of the Superior Court upon the present bill, to be obligations of the father.   They were, in the absence of any evidence to the contrary, furnished by the father and upon his credit at the time they were rendered.   *Horgan* v. *Pacific Mills*, 158 Mass. 402.   *Luster* v. *Luster*, 299 Mass. 480.   The father had the right to recover for them.   *Keating* v. *Boston Elevated Railway*, 209 Mass. 278.   *McGreevey* v. *Boston Elevated Railway*, 232 Mass. 347.   *Thibeault* v. *Poole*, 283 Mass. 480.   Such a claim by the father, when established by a judgment against the insured, would have come within the company's obligation to pay consequential damages, unless it was extinguished by the payment of them by the son.   The payment by the son after he became of age, in the absence of any agreement with his father or with the persons to whom his father was indebted for the services rendered to the son, did not have the effect of making these payments a part of the claim for bodily injuries.   The plaintiff had but a single cause of action which would not support successive actions.   *Cole* v. *Bay State Street Railway*, 223 Mass. 442.   *Canning* v. *Shippee*, 246 Mass. 338.   *Cassidy* v. *Constantine*, 269 Mass. 56.   The physicians who rendered the services could not have recourse to the policy, *Central Supply Co.* v. *United States Fidelity & Guaranty Co.* 273 Mass. 139; *Claycraft Co.* v. *John Bowen Co.* 287 Mass. 255, and the plaintiff by the payment of their claims could not have derived any such right from them.   The voluntary payment by the son does not give him a right that he can enforce under the policy because his present claim is not one for bodily injury or for consequential damages. The plaintiff's claim for reimbursement is not within either of the two classes of losses against which the company undertook to indemnify Debler.   *Bartlett* v. *Hall*, 288 Mass. 532.   *McAdam* v. *Federal Mutual Liability Ins. Co.* 288 Mass. 537.   *Stuntzner* v. *Brasor*, 301 Mass. 10.

The plaintiff was not harmed by the admission of evidence showing the commencement and pendency of a suit

brought in the District Court by his father, subsequently to the payment of these expenses by the plaintiff, to recover for these same expenses. The father's claim for these consequential damages was independent of the son's cause of action, although it arose from the same accident and was of such a personal nature that it could not be enforced at common law by anyone other than the father. *Hey* v. *Prime*, 197 Mass. 474. *Keating* v. *Boston Elevated Railway*, 209 Mass. 278, 282. *Wilson* v. *Grace*, 273 Mass. 146. *Thibeault* v. *Poole*, 283 Mass. 480. *Barbate* v. *LaVallee*, 299 Mass. 411.

The plaintiff did not acquire any rights against the insurance company by virtue of his payment of the medical expenses. The decree is to be affirmed with costs of this appeal to the insurance company as against the plaintiff.

*Ordered accordingly.·*