OKLAHOMA ELECTRIC SUPPLY CO. v. ELSING.

*96 P. 2d 530.*

No. 29000.   Oct. 31, 1939.

Rehearing Denied Nov. 28, 1939.

I. C. Saunders, of Shawnee, and A. B. Carpenter, of Roswell, N. Mex., for plaintiff in error.

Bishop, Bishop & Seay, of Seminole, for defendant in error.

HURST, J. John Elsing brought this action for damages against Oklahoma Electric Supply Company, because of the failure of certain refrigerating appliances he had purchased from them to properly function. The equipment was sold under a contract which provided that there were no warranties, express or implied, in connection with the sale, except one not material here, but on the back of the contract the service man of defendant wrote the following:

"We also agree to reinstall and rearrange all cooling coils and to install shut off valves on each fixture. We agree to repair any defective float valves or any of the old equipment where repairs are needed, to install the job complete and adjust and service in such manner that the installation and operation will be satisfactory to the purchaser for the period of one year. (Signed) Oklahoma Electric Supply Co., by L. Evans."

The parties waived a jury and tried the case to the court, who found for plaintiff, and from this judgment defendant appeals, presenting his contentions under three points.

1. Defendant first contends that the court was without jurisdiction for the reason that under our venue statutes the action was maintainable only in Pottawatomie county, where the principal place of business of defendant was located. As the petition sufficiently alleged the corporate existence of defendant, and its sale and installation of the fixtures in plaintiff's place of business in Seminole county, and sought damages for the failure of the fixtures to operate properly, and the evidence supports such allegations, we think it apparent that the cause of action arose in said county, and that this contention is without merit. Section 112, O. S. 1931, 12 Okla. St. Ann. § 134; Harlow Pub. Co. v. Pennel & Harrison (1937) 179 Okla. 360, 65 P. 2d 1206.

2. Defendant, by the next two assignments of error, urges the insufficiency of the evidence to support the judgment. Briefly, the evidence of plaintiff showed that he operated a grocery store and meat market in Seminole, Okla., having and using a cooling system in connection with the meat market, by which the display counter and large "walk in" box in which he kept his meats, and a smaller fish box, were kept at a temperature low enough to keep the contents fresh. In the spring of 1934 he purchased of defendant certain equipment in addition to, or to partly replace, equipment then used by him, at which time he executed the contract sued on. His own testimony was that the equipment did not function properly, resulting in the loss of considerable quantities of meats and fish during the spring and summer of 1934 and 1935. He also testified that he lost business by reason of the spoiling of such commodities, and that he made many complaints to defendant, and that defendant at different times attempted to adjust the equipment so that it would properly cool his counter and boxes, but never succeeded in making it work properly. His record of meats lost was made on invoices of meats received, and was admitted in evidence over the objection of defendant. Plaintiff's testimony was supported by that of other witnesses, who testified to the spoilation of meats and fish, and was to some extent controverted by the evidence of defendant. The trial court, on this conflicting evidence, rendered judgment for plaintiff for meats spoiled during the spring and summer of 1934, in an amount which he found to represent plaintiff's loss due to the failure of the equipment furnished by defendant to properly function dur-

ing that period. The authority of defendant's service man to bind it by the writing above set out was not questioned, and the trial court held it to be a warranty of the equipment for one year. He denied plaintiff any recovery for any subsequent loss.

We are of the opinion that the evidence reasonably supports the judgment of the trial court, and therefore such judgment will not be disturbed on appeal. Thomas v. General Motors Acceptance Corporation (1936) 176 Okla. 488, 56 P. 2d 844; New York Life Ins. Co. v. Razzook (1936) 178 Okla. 57, 61 P. 2d 686.

Affirmed.

BAYLESS, C. J., WELCH, V. C. J., and CORN and DAVISON, JJ., concur.