TRADERS & GENERAL INS. CO. v. SAND SPRINGS HOME et al.

No. 31115. Feb. 15, 1944.

Rehearing Denied June 5, 1945.

*158 P.2d 1018.*

Pierce & Rucker, Fred M. Mock, and A. M. Covington, all of Tulsa, for plaintiff in error.

· J. B. Houston, J. H. Kolbus, and E. J. Doerner, all of 'Tulsa, for defendants in error.

RILEY, J. This action arose out of the payment of one-half of the compensation award involved in Sand Springs Home et al. v. Dail et al., 187 Okla. 431, 103 P. 2d 524.

Therein it was held that Sand Springs Home and E. D. Dail were joint adventurers in the operation of an oil and gas lease wherein Sand Springs Home was the lessor and E. D. Dail was the lessee.

Dail had procured separate workmen's compensation insurance with Traders & General Insurance Company as insurer. Sand Springs Home was engaged in a hazardous business coming within the provisions of the Workmen's Compensation Act. It carried a policy with Hartford Accident & Indemnity Company, insurer. The award was joint and several against Dail and his insurance carrier and Sand Springs Home and its insurance carrier. After the award became final, Traders & General Insurance Company, as Dail's insurance carrier, paid one-half thereof. Thereafter, the injured employee demanded payment of the other one-half from Sand Springs Home. Contending that the entire award was the sole obligation of Dail and his insurance carrier, Sand Springs Home and the Hartford Accident & Indemnity Company made written demand upon Dail and Traders & General Insurance Company that they pay the balance. The injured employee threatened to have the award certified to the district court and execution issued against the property of Sand Springs Home. To avoid this, plaintiff Hartford Accident & Indemnity Company paid the balance of the award, and this action was commenced by Sand Springs Home and the Hartford Accident & Indemnity Company against Dail and the Traders & General Insurance Company to recover the payment so made.

Plaintiffs' petition alleged the execution of an oil and gas lease on land owned by Sand Springs Home to Glidden Oil Corporation and the assignment thereof to defendant Dail. Plaintiffs rely on certain provisions therein as making the compensation award the sole obligation of defendant Dail and his insurance carrier. A copy of the oil and gas lease was attached to the petition and made a part thereof. The material provisions therein are:

"9. It is agreed that, prior hereto Lessee has, with the consent of the Lessor, explored and developed said property for oil and gas, and that there are now four (4) producing oil wells on said

premises, and that one-fourth (¼) of all the oil field machinery, casing and equipment on said premises is owned by the Lessor, and that the Lessor owns an undivided one-half (½) interest in the power located on said premises, Lessor having furnished one-fourth of the casing and equipment of said wells and one-half of the cost of the power.

"10. Inasmuch as Lessor has an interest in the casing, equipment and power, as aforesaid, it is agreed that Lessee shall bill the Lessor for one-fourth of the actual cost of operation in producing oil and gas from the four wells on said premises, and for one-half of the cost of operating the power, and Lessor agrees to same, but no administration of overhead expense shall be charged to the Lessor; and the Lessee agrees that it will continue to use said power in the pumping of two (2) wells of Lessor in the NW/4 of the NE/4 of Section 15-19-11."

The petition then alleges that in the operation of the lease Dail employed his own men, including Gillespie, the injured employee; that by reason of the nature of Dail's business he was required by law to carry compensation insurance, which he did by procuring a policy from Traders & General Insurance Company; that in compliance with the lease agreement, Dail each month billed Sand Springs Home for its proportionate share of the premium on the compensation insurance policy; that the employee was injured while assisting in the operation of the wells located on the lease.

The defendant Traders & General Insurance Company demurred and answered that it had fully paid its entire obligation.

The trial court, without a jury, rendered judgment for both plaintiffs against both defendants. Defendant Traders & General Insurance Company appealed, making defendant Dail a party defendant in error.

The first proposition on appeal is that plaintiff Hartford Accident & Indemnity Company is not such a third party beneficiary as would entitle it to prosecute an action on the policy, and that it was not a party to the contract. The issue was raised by the demurrer to the petition and separate demurrer to plaintiffs' evidence.

The plaintiffs contend that since the injured employee was employed by defendant Dail, the Traders & General Insurance Company was liable for the entire award, and that plaintiffs herein were not liable. But the decision in Sand Springs Home et al. v. Dail et al., supra, holds that because of the relation of joint adventurers between Sand Springs Home and Dail, Gillespie, the injured employee, was the employee of both Dail and the Sand Springs Home. It has therefore been judicially determined that the injured employee was the employee of both Sand Springs Home and Dail. It then became as much the duty of Sand Springs Home and its insurance carrier to pay the entire award as it was of Dail and his insurance carrier. As to the workman injured, the two insurance carriers had a common burden of liability. The Traders & General Insurance Company paid one-half of this common liability; the Hartford Accident & Indemnity Company has paid the other half.

The question here involved is not whether Dail is liable under the lease agreement between himself and Sand Springs Home. The question is whether the Traders & General Insurance Company is liable on its policy, which appears to have no connection whatever with the lease agreement. Plaintiff in error contends that there was no contractual relation whatever between Sand Springs Home and the Traders & General Insurance Company; that the policy issued by the latter was not a contract for the benefit of Sand Springs Home or its insurance carirer; and that plaintiffs had no cause of action on the policy.

The general rule is that an action may not be maintained on a contract on the theory that it was made for the benefit of the plaintiff, a third party, merely because such third party would be incidentally benefited by the performance of the contract. He must be

a party to the consideration, or the contract must have been entered into for his benefit, and he must have some legal or equitable interest in its performance (in some states, under code provisions, it must be expressly made for the benefit of such third party), in order to entitle him to sue thereon. 13 C. J. 709.

The statute (15 O. S. 1941 § 29) provides:

"A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

In Electric Supply Co. v. City of Muskogee et al., 171 Okla. 130, 42 P. 2d 140, it is held:

"In order for a third party to recover upon an agreement between others to which he is not privy, the contract must be made expressly for his benefit. It must not only be intended to secure some benefit to him, but there must be a promise legally enforceable."

In Hawkins v. Mattes et al., 171 Okla. 186, 41 P. 2d 880, it is held:

"Section 9409, O. S. 1931, provides as follows: 'A contract made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it.' To entitle a third person to maintain an action to enforce such a contract, it must appear that the contract was made 'expressly' for his benefit, and it is not sufficient for him to show that he will be incidentally benefited by the performance of the contract."

Plaintiffs contend that this is an insurance policy which the law requires to be carried by all employers of men, and that there is no difference between this case and the motor carrier cases where class B motor carriers are required by law to procure and file an insurance policy. Plaintiffs cite Enders et al. v. Longmire, Adm'r, 179 Okla. 633, 67 P. 2d 12, wherein it is held:

"A joint action may be maintained against a motor carrier and his liability insurance bondsman, under the provisions of section 3708, O. S. 1931, as amended by section 4, chapter 156, of the Act of the Legislature approved April 12, 1933, and it is not necessary that the cause of action against them be divided and the liability of each set out in separate counts."

That case and similar cases are not applicable for the reason that under the statute the motor carrier and his liability insurance carrier are made liable for injuries to persons resulting from the operation of a motor vehicle. In such cases the action may be brought by a person for whose benefit the policy by law is required. That position is substantially the same as that of an injured employee in a workmen's compensation case. Those cases do not involve a separate contract between the insured and some third party which is in no way connected with a contract of insurance. Other cases are cited involving workmen's compensation policies, but they are not applicable for the reason that they go to the right of an injured employee to recover under workmen's compensation insurance.

By the terms of the policy the Traders & General Insurance Company agreed to pay promptly to any person entitled under the Workmen's Compensation Law, and in the manner therein provided, the entire amount of any sum due, and all installments as they became due. The policy was issued for the benefit of Dail and his employees, but it cannot be said that it was issued for the benefit of some third person who might become liable to the same employee for the same accidental injury.

The rule applicable to the facts in this case as applied to the two insurance companies is stated in Restatement of the Law, Restitution, page 369, par. 82, as follows:

"A person who, with another, is subject to a duty as to which between the two neither has a prior duty of performance, is entitled to contribution from the other when, and only when, he has discharged more than his proportionate share, if the time for performance has arrived."

Plaintiff Hartford Accident & Indem-

nity Company has paid no more than its proportionate share of the award made to the injured employee. Between it and the Traders & General Insurance Company there was no prior duty of performance.

The judgment against the Traders & General Insurance Company is contrary to law.

Reversed.

BAYLESS, WELCH, HURST, and DAVISON, JJ., concur. CORN, C.J., GIBSON, V.C.J., and OSBORN and ARNOLD, JJ., dissent.