**FRANKLIN CASUALTY INSURANCE COMPANY, a domestic insurance company, Plaintiff in Error,**

v.

**W. E. JONES and Julia Wagner, Defendants in Error.**

No. 38919.

Supreme Court of Oklahoma.

May 23, 1961.

Rehearing Denied June 20, 1961.

Foliart, Hunt & Shepherd, by Jake Hunt, Oklahoma City, for plaintiff in error.

James E. Driscoll, Seminole, for defendants in error.

HALLEY, Justice.

August 5, 1956, the Franklin Casualty Insurance Company, a domestic corporation with headquarters at Tulsa, Oklahoma, issued to Michael L. Enos a policy of insurance covering personal injury, property damage and automobile medical payments on his automobile. The latter is classed as "Coverage C" and provided for the payment of $500 for each person injured while a passenger or entering or leaving the automobile, to cover medical services for the party injured.

On October 3, 1956, Julia Wagner was riding as a passenger in the car of Michael L. Enos and was injured. She went to Dr. W. E. Jones of Seminole for treatment, although the accident in which she was injured occurred in Oklahoma County, where she was employed.

This action was filed by Dr. Jones November 18, 1957, in the Superior Court of Seminole County against the defendant insurance company to recover the sum of $499.50 for professional services rendered to Julia Wagner on account of injuries received in the car accident above mentioned.

Defendant demurred and plaintiff secured an order allowing him permission to make Julia Wagner a party plaintiff, which was done. Previous to this Julia Wagner had filed a personal injury action in Oklahoma County in which she asked for a judgment for money due for medical services.

The court overruled the demurrers and objections of the defendant to venue and jurisdiction of the court at the time the case was tried to the court.

On April 28, 1959, the court rendered judgment for the plaintiff, W. E. Jones, for the sum of $441 against the defendant Julia Wagner, after overruling all motions, pleas to jurisdiction and demurrers of the defendant. Motion for a new trial was overruled and defendant has appealed. We shall refer to the parties as they appeared in the trial court.

The defendant has raised several propositions as grounds for reversal but we think that there is one question which is decisive of this case and makes the discussion of the others unnecessary. The point is: Dr. W. E. Jones is not a proper party plaintiff in this action.

The provision in the insurance policy involved in this case is shown in Item 4, which is:

"The insurance afforded is only with respect to such and so many of the following coverages as are indicated by specific premium charge or charges. The limit of the company's liability against each such coverage shall be as stated herein, subject to all the terms of this policy having reference thereto.

| Premiums | Limits of Liability | | Coverages |
|---|---|---|---|
| $ 54.00 | $ 5,000.00 each Person<br>$ 10,000.00 each Accident | A | Bodily Injury Liability Cl 2C–2 |
| $ 36.00 | $ 5,000.00 each Accident | B | Property Damage Liability |
| $ 8.00 | $ 500.00 each Person | C | Automobile Medical Payments |
| | * * * * | * * | * * |

The term "Automobile Medical Payments" is defined in Insurance Agreements and designated as "Coverage C", heretofore mentioned and is as follows:

"To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services:

"Division 1. To or for each person who sustains bodily injury, sickness or disease, caused by accident, while in or upon or while entering into or alighting from the automobile, provided the automobile is being used by the named insured or his spouse if a resident of the same household, or with the permission of either; or

"Division 2. To or for each insured who sustains bodily injury, sickness or disease, caused by accident, while in or upon, or while entering into or alighting from, or through being struck by, an automobile."

15 O.S.1951 § 29, provides:

"A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it."

■ In order for one to get the benefit of this section of the statutes he must come within the provisions of the policy. That person must be a third-party beneficiary. Dr. W. E. Jones was too far removed to receive the benefits of this provision.

■ In Traders & General Insurance Co. v. Sand Springs Home et al., 195 Okl. 509, 158 P.2d 1018, 1020, we said:

"The general rule is that an action may not be maintained on a contract on the theory that it was made for the benefit of the plaintiff, a third party, merely because such third party would be incidentally benefited by the performance of the contract. He must be a party to the consideration, or the contract must have been entered into for his benefit, and he must have some legal or equitable interest in its performance (in some States, under code provisions, it must be expressly made for the benefit of such third party), in order to entitle him to sue thereon. 13 C.J. 709, 17 C.J.S., Contracts, § 519."

A reading of this insurance policy reveals that it was not made for the benefit of the doctor.

In Sciaraffa v. Debler, 304 Mass. 240, 23 N.E.2d 111, 112, the Supreme Court of Massachusetts held:

"Under automobile liability policy indemnifying insured against loss by reason of liability to pay damage to others for bodily injuries or for consequential damages, physician who rendered services to minor injured in automobile accident could not have recourse to the policy. G.L.(Ter.Ed.) c. 90, § 34a; c. 175, § 113; c. 214, § 3, cl. 10."

We think this holding is sound and applicable here.

The plaintiff has cited several cases to sustain his right to sue the defendant insurance company directly but the only case cited that permitted direct action was Kelly v. Maryland Casualty Company, 89 Minn. 337, 94 N.W. 889. There the court held that the insured was an agent of the insurer when, under the provisions of the policy of insurance, he called the doctor in an emergency case.

The case of Severson v. Milwaukee Auto Insurance Company, 265 Wis. 488, 61 N.W. 2d 872, 42 A.L.R.2d 976, in which plaintiff places so much faith, is not in point here because there the suit was by the personal representative of the person killed in the automobile collision and the pivotal point really was whether the liability and medical and funeral expense coverages, although contained in the same policy, constituted separate contracts. It was held that it did and that the action was not precluded on the theory of prior payment, of absence of privity of contract, or of splitting of cause

of action. In that case the policy made the deceased a third-party beneficiary.

For the reason that the plaintiff here was not a proper party plaintiff, this cause is reversed with directions to dismiss.

WILLIAMS, C. J., and WELCH, JACKSON and IRWIN, JJ., concur.

BLACKBIRD, V. C. J., and DAVISON and BERRY, JJ., dissent.

BERRY, Justice (dissenting).

I am unable to agree with the majority opinion.

At all times in controversy, Dr. Jones and Julia Wagner were residents of Seminole County, Oklahoma, and insurer's principal place of business was in Tulsa County, Oklahoma.

Following the accident, an agent of insurer asked Julia Wagner to "see" a doctor in Oklahoma City. She advised the agent that it would be inconvenient for her to do so and inquired if it would be agreeable for her to "see" a doctor who practiced in Seminole. The agent agreed and she called at the office of Dr. Jones in Seminole who treated her for several months. Insurer knew that Dr. Jones was treating Julia Wagner, and in fact requested and obtained a medical report from Dr. Jones.

Julia Wagner was made a party below. In the pleading that she filed she asserted in substance that under the following quoted conditions of the insurance contract insurer became obligated to pay the charges that Dr. Jones made for treating her and joined in Dr. Jones' prayer for recovery against insurer:

"Coverage C—Automobile Medical Payments. To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services;

"Division 1. To or for each person who sustains bodily injury, sickness or disease, caused by accident, while in or upon or while entering into or alighting from the automobile, provided the automobile is being used by the named insured or his spouse if a resident of the same household, or with the permission of either; * * *".

To me, the quoted provisions of the contract did not serve to create so-called indemnity insurance, and to the contrary served to create accident insurance. It was wholly unnecessary for Julia Wagner to obtain a judgment against the owner or operator of the automobile in which she was riding at the time she was injured before she could maintain an action against insured as an insured under said provisions. In brief, her right of action against insurer was completely independent of liability on the part of the owner or driver of the automobile. Insurer in fact admits that Julia Wagner had a cause of action against it. In its brief, insurer states that "Julia Wagner, under proper allegations and proof, could have a cause of action against" it.

At p. 312, Sec. 4896, Vol. 8, Appleman on Insurance Law and Practice, this is said:

Many automobile liability policies now contain the so-called medical indorsement. Under this provision, any passenger or occupant of the insured's car who is injured in accident may recover medical expenses up to a stipulated amount, usually $500 per person. Since such recovery is completely independent of liability on the part of the insured, insurance under the medical indorsement clause is closely akin to a personal accident policy. Many companies, in view of their experience with the medical indorsement covering occupants of the insured automobile, have now extended the coverage of such clause to include the insured himself."

In Severson v. Milwaukee Automobile Insurance Company, 265 Wis. 488, 61 N.W. 2d 872, 875, 42 A.L.R.2d 976, the court had under direct consideration the right of a passenger who was injured in an insured automobile to recover under the medical in-

dorsement provision of a public liability insurance contract. In sustaining said right, this was said:

"* * * Coverage K is a separate agreement to pay under any circumstances, and is not confined to liability because of the negligent operation of the automobile. Had the defendant paid the injured person or the doctor or organization rendering the services, that would have been a payment under Coverage K and there could not be a second recovery under the medical payments provision of the policy."

See also Distefano v. Delta Fire & Cas. Co., La.App., 98 So.2d 310.

As to Julia Wagner, insurer defends upon the grounds that she could only maintain an action against it in the county in which she was injured or in the county of insurer's principal place of business. I am unable to agree.

A cause of action is said to arise in that jurisdiction where the act is done which gives the plaintiff cause to complain. It was in Seminole County that the medical services were rendered and Julia Wagner's and Dr. Jones' cause to complain there arose upon insurer's failing and refusing to pay the charges made for said services. Summons was therefore properly issued from Seminole County and served upon insurer in Tulsa County. See Oklahoma Electric Supply Co. v. Elsing, 186 Okl. 122, 96 P.2d 530, and Harlow Publ. Co. v. Pennel & Harrison, 179 Okl. 360, 65 P.2d 1206.

In Oklahoma Fire Insur. Co. v. Kimple, 57 Okl. 398, 156 P. 300, 157 P. 317, this was said in the first paragraph of the syllabus:

"By virtue of section 4674, Harris-Day Code, R.L.1910 [12 O.S.1951 § 134], an action against a domestic insurance company may be brought in the county where the cause of action or some part thereof arose."

We said this in the body of the opinion of the last-cited case:

"In the case of Jackson v. Spittal, 5 L.R.C., p. 542, it is said:

"'A cause of action was said to arise in that jurisdiction where the act is done which gives the plaintiff his cause of complaint.'"

In the first paragraph of the syllabus to Guaranty State Bank of Tishomingo v. First Nat. Bank of Ardmore, 127 Okl. 292, 260 P. 508, 510, we said that "A cause of action for the dishonor and protest of a draft arises in the county where such draft is dishonored and protested, and not in the county where such draft is drawn."

In the last-cited case, the plaintiff had no cause to complain until the draft was dishonored. In the instant cause, Julia Wagner and Dr. Jones had no cause to complain until insurer refused to pay for medical services rendered by Dr. Jones. So here, as there, venue was in the county in which the obligation arose that the obligor failed to satisfy.

An issue analogous to the issue under consideration was presented in Southern Farm Bureau Casualty Insurance Co. v. Alexander Tex.Civ.App., 326 S.W.2d 644, 647. In that case the insurance company issued an insurance contract providing in substance that it would pay a stated sum in the event insured's death resulted directly and independently from bodily injuries received in an accident. The insured was injured in Harrison County, Texas, when a truck rolled back against him. Following the accident, the insured entered a hospital in Shreveport, La., where he later died. An action was instituted in Harrison County to recover the death benefits provided in the insurance contract. One of the issues was whether venue was in Harrison County. The plaintiff contended that venue was in said county because it was there that the accident occurred which resulted in the injuries that caused the insured's death. In rejecting said contention, the Court said this:

"In the case at bar the insurance contract in question was not made in Harrison County, Texas; the loss in-

sured against, to wit, the death of E. R. Alexander (in the manner provided in the policy) did not occur in Harrison County, Texas, and the alleged breach of the contract (failure to pay) did not occur in Harrison County, Texas. Consequently if appellant had any cause of action no part thereof accrued in Harrison County, Texas, under exception 27 to the venue statute."

The reasoning of the last-cited case sustains the proposition that the cause of action or actions presented by the instant case arise in Seminole County.

As to Dr. Jones, insurer also contends that he did not have a cause of action against it and if he had a cause of action, venue thereof was in either Oklahoma County or Tulsa County. If Dr. Jones had a cause of action, same, for reasons stated, was maintainable in Seminole County where the cause of action arose.

As I read the provisions of the insurance contract that are heretofore quoted, insurer agreed to pay "to" a person who became an insured because of said provisions, medical expenses incurred and paid by such person or to pay "for" and in behalf of such person, medical expenses that he incurred but which he did not pay. To otherwise construe the contract is to ignore the word "for" appearing in "Division 1" of "Coverage C" to the effect: *"To or for* each person who sustains bodily injury." The law is settled that a court is not, as a general rule, at liberty to disregard words used in a contract. 12 Am.Jur. "Contracts", Sec. 241 pp. 772, 775, and 17 C.J.S. Contracts § 308, p. 724. To my way of thinking, the referred-to provisions as to Dr. Jones clearly created a third-party beneficiary contract within the purview of 12 O.S.1951 § 29, and as a third-party beneficiary Dr. Jones was privileged to maintain an action against insurer in Seminole County where the cause of action presented by the instant case arose.

I am of the conviction that the judgment of the trial court should be affirmed.

For reasons stated, I respectfully dissent from the majority opinion.

I am authorized to state that BLACKBIRD, V. C. J., concurs in the foregoing dissent.