**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE**
**INSURANCE COMPANY, Defendant-**
**Appellee.**

**No. 71–1340.**

United States Court of Appeals,
Tenth Circuit.

Feb. 18, 1972.

Rehearing Denied March 24, 1972.

---

William D. Appler, Department of Justice, Washington, D. C. (L. Patrick Gray, III, Asst. Atty. Gen., William R. Burkett, U. S. Atty., Oklahoma City, Okl., and Morton Hollander, Department of Justice, Washington, D. C., on the brief), for appellant.

Richard A. Procter, Oklahoma City, Okl., for appellee.

Before MURRAH *, SETH and BARRETT, Circuit Judges.

BARRETT, Circuit Judge.

The United States Government brought this action as a third-party beneficiary, against State Farm, to recover medical expenses it incurred under 10 U.S.C.A. § 1074 for treatment of an insured serviceman who was injured in a car accident. The District Court granted a summary judgment to State Farm, holding that 42 U.S.C.A. § 2651 did not grant the United States a right of recovery and that the United States was not entitled to sue under the policy as a third-party beneficiary under the law of Oklahoma. Franklin Casualty Insurance Company v. Jones, 362 P.2d 964 (Okl. 1961); Traders & General Ins. Co. v. Sand Springs Home, 195 Okl. 509, 158 P.2d 1018 (1944).

On November 24, 1969, Sergeant Thomas L. Mack was injured in a car accident near Fort Sill, Oklahoma. Mack then owned a State Farm automobile liability insurance policy. He was treated free of any personal cost or expense at Government medical facilities. Such free hospital and medical services for servicemen are prescribed in 10 U.S.C.A. § 1074. The medical expenses incurred by the United States for Sergeant Mack were $1,855.00.

The pertinent provisions of the policy are as follows:

COVERAGE C—MEDICAL PAYMENTS

*To pay reasonable medical expenses incurred for services furnished* within one year from the date of the accident:

Division 1. to *or for* the first *person* named in the declarations * * * who sustains *bodily injury,* caused by accident, while *occupying* the owned motor vehicle * * *.

POLICY CONDITIONS

7. Payment of Claim; Autopsy-Coverages C, M, S, T, and U. Under coverages C and M *the company may pay the injured person or any person or organization rendering the services* and such payment shall reduce the amount payable hereunder. Any payment shall not constitute admission of liability of the insured or, except hereunder, of the company. (Emphasis ours.)

The United States amended its complaint below, changing its claim for recovery from the Federal Medical Care Recovery Act, 42 U.S.C.A. §§ 2651–53, to the claim that it qualifies as a third-party beneficiary under the State Farm policy. It contends on appeal that the trial court erred in granting the summary judgment. The United States argues that it qualifies as a third-party beneficiary under State Farm's policy and is entitled to recover the reasonable value of the medical services which it was required by law to furnish to Sergeant Mack. 10 U.S.C.A. § 1074(a). We agree.

We must interpret Oklahoma law in determining whether the Government

---

* Sitting but not participating.

is a third-party beneficiary under the policy. Oklahoma Statute, 15 Okl.St. Ann. § 29 reads as follows:

A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it.

State Farm argues that this statute, as construed in Franklin Casualty Insurance Company v. Jones, *supra*, denies the Government's right of recovery.

*Jones* involved an action brought by a physician who had treated an insured passenger injured in a car accident covered by an insurance policy similar to that in State Farm. The policy required the insurance company to pay all reasonable expenses incurred within one year of the date of the accident for medical services,

including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services . . .

Division 1. To or for each person who sustains bodily injury * * * caused by accident * * *.

The physician was denied recovery in a 4–3 decision by the Court. The majority held that he did not come within the provisions of the policy; that he was not a third-party beneficiary; and that he was too far removed to receive the benefits of the policy. The dissenting opinion in *Jones* stated that:

[The] insurer agreed to pay "to" a person who became an insured because of said provisions, medical expenses incurred and paid by such person or to pay "for" and in behalf of such person, medical expenses that he incurred but which he did not pay. To otherwise construe the contract is to ignore the word "for" appearing in "Division 1" of "Coverage C" to the effect: *"to or for* each person who

sustains bodily injury." 362 P.2d at 969.

The majority did not discuss the provision in the policy requiring the insurance company to pay medical expenses incurred "for" the insured. It simply concluded that Dr. Jones was too far removed from the contract to be considered as a third-party beneficiary.

Under the policy provisions, Dr. Jones was not expressly named as a third-party beneficiary. Even so, the dissenters would have implied a right to recover under the contract provision providing payment of medical expenses incurred "for" the insured. The *Jones* case is distinguishable from the case at bar. Here the State Farm policy provides, inter alia, that the company may pay "the injured person or any person or *organization rendering the services."* The Government is expressly named as a third-party beneficiary to the contract because it is the "organization rendering the services". In *Jones* the insurance contract did not contain a similar "Payment of Claim" provision directing payment to "any person or organization rendering the services".

In the *Jones* case, the Court cited its prior decision in Traders & General Ins. Co. v. Sand Springs Home, *supra*, in recognition of the rule that a third-party beneficiary may sue on the contract if the parties anticipate such right by reason of benefits accruing to the insured.

It is a general rule that where the third-party beneficiaries are so described as to be ascertainable, it is not necessary that they be specifically named in the contract in order to recover thereon and it is not necessary that they are identifiable at the time the contract is made. Watson v. Aced, 156 Cal.App.2d 87, 319 P.2d 83 (1957); Griffith v. Stucker, 91 Kan. 47, 136 P. 937 (1913); Smith v. Bowman, 32 Utah 33, 88 P. 687 (1907).

In United States v. United Services Automobile Association, 431 F.2d 735

(5th Cir. 1970), cert. denied 400 U.S. 992, 91 S.Ct. 459, 27 L.Ed.2d 440 (1971), the minor son of an Air Force officer was injured by a car and was treated free of cost at Government facilities as provided by 10 U.S.C.A. § 1076. The United States and the officer sued the officer's insurance company under the medical payments provision of the policy. The policy required the insurance company to pay all reasonable medical expenses incurred within a year of any accident to or for the named insured. It also provided, as in the State Farm policy, that the Company may pay any person or organization rendering the services for the insured. The Court found that the United States was entitled to sue and recover as a third-party beneficiary.

We hold that the United States qualifies as a third-party beneficiary under the policy in that it is an "organization rendering the services". United States v. State Farm Mutual Automobile Insurance Company, 245 F.Supp. 58 (D. Or.1965); Adams v. United States, 241 F.Supp. 383 (S.D.Ill.1965); Barker v. United States, 233 F.Supp. 455 (N.D. Ga.1964). "Organization" is defined as a corporation, government or governmental subdivision or agency. Ballentine's Law Dictionary, 3rd Ed. (1969). Where a contract creates a right or imposes a duty in favor of a third party, the law presumes that the parties intended to confer a benefit on the party and allows the party a remedy. Ohio Casualty Ins. Co. v. Beckwith, 74 F.2d 75 (5th Cir. 1934).

The United States is entitled to recover from State Farm for the reasonable value of those medical services it rendered to Sergeant Mack. To hold otherwise we must ignore the clear language of the policy, thus granting State Farm a windfall represented by that portion of Sergeant Mack's premium payments for coverage which, under the facts of this case, State Farm, in effect, contends he really did not need.

Reversed and remanded.